



[Stamp: RECEIVED SEP 19 2012 CHAMBERS OF COLLEEN McMAHON]

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142

tel +1-212-506-5000
fax +1-212-506-5151

WWW.ORRICK.COM

**MEMO ENDORSED**

September 19, 2012

Stephen G. Foresta
(212) 506-3744
sforesta@orrick.com

**VIA FACSIMILE ONLY**

Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1581

[Handwritten endorsement, dated 9/19/20: "Every discovery dispute from now on goes to the Judge for the case supervising it! All discovery now" — signed Colleen McMahon]

Re: *U.S. Bank National Association, as securities intermediary for Lima Acquisition LP v. PHL Variable Insurance Co.*, Case No. 1:12 Civ. 6811

Dear Judge McMahon:

We are counsel in this matter for Plaintiff U.S. Bank National Association, as securities intermediary for Lima Acquisition LP ("Plaintiff"). On September 11, 2012, Your Honor accepted this case and referred a discovery dispute related to certain third-party subpoenas to Magistrate Judge Francis for resolution. Yesterday, September 18, Defendant PHL Variable Insurance Company ("PHL") sent a letter requesting that the Court refer a new discovery dispute concerning four different third-party subpoenas to Magistrate Judge Francis. PHL is also seeking to amend the briefing schedule Judge Francis set for the prior dispute to allow PHL to address both disputes in a single motion. Notwithstanding the requirement set forth in both Your Honor's and Judge Francis's individual rules, PHL did not request Plaintiff's consent to amend the briefing schedule.

In its most recent letter, PHL objects to Plaintiff's service of additional third-party subpoenas until Magistrate Judge Francis resolves the parties' pending discovery dispute, even though these new subpoenas have no relationship to the subpoenas that are the subject of the prior discovery dispute. PHL's objections are nothing more than a tactical effort to delay or avoid disclosure of unquestionably relevant evidence that is likely to support Plaintiff's claims in this case and to undermine PHL's defenses. PHL has no basis to prevent Plaintiff from serving lawful subpoenas on third parties. Neither this Court nor any other court has issued a stay of discovery in this action or otherwise limited Plaintiff's right to pursue third-party discovery while Judge Francis resolves a separate discovery dispute. Moreover, PHL conceded the relevance of the discovery sought through Plaintiff's latest subpoenas. These subpoenas seek

[Stamp partially visible: "...ICALLY FILED ... 9/20/12"]


ORRICK

Honorable Colleen McMahon
September 19, 2012
Page 2

documents concerning downgrades to PHL's credit rating, and Plaintiff contends that PHL raised cost of insurance rates on its existing policyholders, in part, to make up for revenues PHL lost after it was unable to sell new insurance as a result of credit rating agency downgrades. A few months ago, Plaintiff moved to compel PHL to produce documents concerning its strategy for responding to these credit rating downgrades after PHL resisted producing these documents for months. At the hearing on Plaintiff's motion on August 20, 2012, PHL agreed to produce these documents. Although PHL has yet to produce a single document in response to these requests, there is no question that the information sought from the credit rating agencies themselves is relevant to the claims and defenses in this matter.

In short, PHL's objections to Plaintiff's latest round of subpoenas are meritless, and its request for an amendment to the briefing schedule set by Judge Francis is an obvious attempt to further delay Plaintiff's efforts to obtain discovery from third parties while PHL stonewalls Plaintiff's efforts to obtain information directly from PHL. Nevertheless, in the interest of having these issues resolved expeditiously and efficiently, Plaintiff does not object to the Court referring the parties' latest discovery dispute to Magistrate Judge Francis. Nor does Plaintiff oppose PHL's request for an amendment to the briefing schedule set by Judge Francis as long as a new briefing schedule will not significantly delay the resolution of the pending disputes.

Respectfully submitted,

Stephen G. Foresta

cc: Magistrate Judge James C. Francis
Waldemar J. Pflepsen (via electronic mail)
Jason Gould (via electronic mail)
Steven Jorden (via electronic mail)
Brian Perryman (via electronic mail)