```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - :
US BANK NATIONAL ASSOCIATION,     :   12 Civ. 6811 (CM)(JCF)
a national association as         :
securities intermediary for LIMA  :        MEMORANDUM
ACQUISITION LP,                   :        AND ORDER
                                  :
              Plaintiff,          :
                                  :
    - against -                   :
                                  :
PHL VARIABLE INSURANCE COMPANY,   :
a Connecticut Corporation,        :
                                  :
              Defendant.          :
- - - - - - - - - - - - - - - - - - - :
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This case arises out of twelve life insurance policies known as Phoenix Accumulator Universal Life ("PAUL") policies owned by US Bank National Association ("US Bank") and issued by PHL Variable Insurance Company ("PHL"). US Bank alleges that PHL breached the terms of the policies and violated various laws by raising the cost of insurance rates on those policies in 2010 and 2011. PHL now moves to compel US Bank's production of documents and response to interrogatories. For the reasons set forth below, PHL's motion is granted in part and denied in part.

Background

The factual background of this dispute is laid out in my November 5, 2012 Memorandum and Order. In brief, the policies at issue are universal life insurance policies which allow policyholders to pay as much money as they want into their policy accounts each month as long as the account balance is sufficient to cover policy charges, including a "cost of insurance charge."

1

(First Amended Complaint ("FAC"), ¶ 2).  If the balance is not met, the policies will ultimately lapse.  (FAC, ¶ 2).  The policies at issue permit the insurer to adjust cost of insurance rates, but only based on certain specified factors, the most significant of which is mortality.  (FAC, ¶ 4).  US Bank alleges that, although life expectancy has increased, which should lead to a reduction in the cost of insurance, PHL has increased its cost of insurance rates.  (FAC, ¶ 4).  According to the plaintiff, PHL has done so both to increase its fees and to prompt policyholders to allow their policies to lapse rather than pay higher fees, thereby relieving PHL of the risk of ever having to pay out on the policies.  (FAC, ¶ 7).

On April 13, 2012, PHL served its First Set of Requests for Production of Documents (Proof of Service dated April 13, 2012, attached as part of Exh. 1 to Declaration of Melanie D. Phillips dated Oct. 25, 2012 ("Phillips Decl.")), and First Set of Interrogatories (Proof of Service dated April 13, 2012, attached as part of Exh. 2 to Phillips Decl.).  On May 17, 2012, US Bank served its Objections and Responses to PHL's First Set of Requests for Production (Plaintiff U.S. Bank National Association's Objections and Responses to Defendant PHL Variable Insurance Company's First Set of Requests for Production of Documents dated May 17, 2012 ("Pl. Resp. to Def. Req."), attached as Exh. 3 to Phillips Decl.), and to PHL's First Set of Interrogatories (Plaintiff U.S. Bank National Association's, as Securities Intermediary for Lima Acquisition LP, Objections and Responses to Defendant PHL Variable

Insurance Company's First Set of Interrogatories dated May 17, 2012, attached as Exh. 4 to Phillips Decl.).   The parties have exchanged numerous letters and conferred telephonically in an effort to resolve disputes over PHL's document requests and interrogatories. (Declaration of Jason H. Gould dated Oct. 19, 2012 ("Gould Decl."), ¶¶ 8, 10-11, 13-20, 22-24; Phillips Decl., ¶¶ 8-9, 11-15, 18-19).

<u>Discussion</u>

    A.   <u>Production</u>

    Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"   Fed. R. Civ. P. 26(b)(1).   "Although not unlimited, relevance, for the purpose of discovery, is an extremely broad concept."   <u>Condit v. Dunne</u>, 225 F.R.D. 100, 105 (S.D.N.Y. 2004); <u>see also</u> <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978).   It "'encompass[es] any matter that bears on, or that could lead to other matters that could bear on, any issue that is or may be in the case."   <u>Schoolcraft v. City of New York</u>, No. 10 Civ. 6005, 2012 WL 2161596, at *12 (S.D.N.Y. June 14, 2012) (quoting <u>Oppenheimer Fund Inc.</u>, 437 U.S. at 351).   "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).   The burden of demonstrating relevance is on the party seeking discovery.   <u>See, e.g.</u>, <u>King County, Washington v. IKB Deutsche Industriebank AG</u>, No. 09 Civ. 8387, 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012).

Once relevance has been shown, it is up to the responding party to justify curtailing discovery. <u>Condit</u>, 225 F.R.D. at 106. "[T]he court must limit the frequency or extent of discovery" where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." <u>Melendez v. Greiner</u>, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). "Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive." <u>Tourtelotte v. Anvil Place Master Tenant, LLC</u>, No. 3:11CV1454, 2012 WL 5471855, at *1 (D. Conn. Nov. 9, 2012) (quoting <u>In re Priceline.com Inc. Securities Litigation</u>, 233 F.R.D. 83, 85 (D. Conn. 2005)).

Here, the parties differ as to the scope of relevant discovery. PHL claims that the circumstances surrounding the origination of the 12 PAUL policies and US Bank's acquisition of

them are relevant to this case and its potential defenses. (Defendant's Memorandum of Law in Support of Its Motion to Compel Production of Documents and Responses to Interrogatories ("Def. Memo.") at 3-4). The plaintiff argues that only information that concerns PHL's cost of insurance rate increases, the policies at issue, and the cost of insurance rates of those policies is relevant. (Plaintiff's Opposition to PHL's Motion to Compel Production of Documents and Responses to Interrogatories ("Pl. Memo.") at 5). In addition, PHL asks that US Bank be compelled to identify all entities for which it accepts responsibility for searching, collecting, and producing documents and to answer all of PHL's interrogatories. (Def. Memo. at 1).

  B. The Origination of the PAUL Policies and Their Acquisition by the Plaintiff: Interrogatories 3, 5, and 6 and Requests 19, 32-42, 44-46

The majority of the discovery to which the plaintiff objects relates to the circumstances surrounding the origination of the PAUL policies at issue in this case and the plaintiff's acquisition of those policies. (Def. Memo. at 3-4; Defendant PHL Variable Insurance Company's Reply in Support of Its Motion to Compel Production of Documents and Responses to Interrogatories ("Reply Memo.") at 3-4). The policies in this case were issued by PHL between 2005 and 2007. (FAC, ¶ 13). US Bank acquired these policies in December 2010 in connection with Lima LS plc's acquisition of five limited liability companies from Pacifica Group LLC ("Pacifica"). (Def. Memo. at 7; Pl. Memo. at 7).

Prior to the plaintiff's acquisition of the policies, PHL

notified policyholders that it was raising the cost of insurance rates on its policies. (FAC, ¶ 21). According to PHL, it began to raise the cost of insurance rates for its policies in March 2010. (Def. Memo. at 7). The defendant contends that before US Bank acquired the policies, US Bank was aware both of the possibility of an increases in the cost of insurance rates on those policies and that PHL had in fact implemented such increases. (Def. Memo. at 7). PHL argues that the circumstances surrounding the plaintiff's acquisition of the policies, particularly its knowledge of PHL's cost of insurance rate increases, is therefore relevant to establishing potential defenses of waiver, estoppel, or acquiescence, and to undercut the plaintiff's ability to prove elements of its statutory deception claims. (Def. Memo. at 8-9). The defendant also claims that the circumstances surrounding the origination of the policies are relevant to a potential stranger-originated life insurance ("STOLI") defense. (Def. Memo. at 9-12).

US Bank replies that the information sought by PHL is irrelevant to any claims or defenses in this case, is overbroad, and is intended to harass, delay, and unduly burden the plaintiff. (Pl. Memo. at 6-7). Nevertheless, it agrees to produce any documents about the origination and acquisition of the policies to the extent that they also concern PHL's cost of insurance rate increases, this lawsuit, or the policies. (Pl. Memo. at 7-8). PHL contends that this agreement is illusory because it is subject to the caveat that the plaintiff will not produce documents relating to the policies' origination or history. (Reply Memo. at 2-3; Pl.

Memo. at 1 & n.1).   The defendant also raises concerns as to whether the plaintiff will actually comply with its agreement given the delay in producing documents it had already promised to produce.  (Reply Memo. at 1-2).

The circumstances surrounding the plaintiff's acquisition of the policies are relevant to PHL's potential defenses.   The plaintiff's primary allegation is that PHL breached the terms of its policies by raising the cost of insurance rates and engaged in deceptive marketing practices.  One of the ways that PHL can defend against this action is by establishing that US Bank had foreknowledge of this alleged breach at the time it acquired the policies and yet acquired the policies, continued to pay premiums on them, and accepted benefits of the policies, thereby acquiescing to and waiving the alleged breach.  See, e.g., National Westminister Bank, U.S.A. v. Ross, 130 B.R. 656, 675 (S.D.N.Y. 1991) ("It is well-established that where a party to an agreement has actual knowledge of another party's breach and continues to perform under and accepts the benefits of the contracts, such performance constitutes a waiver of the breach."); National Union Fire Insurance Co. of Pittsburgh, Pennsylvania v. Mastroni, 754 F. Supp. 269, 272 (D. Conn. 1990) ("Under Connecticut law, waiver is the 'intentional relinquishment of a known right.'  An insurer waives its right to disclaim based upon a breach of a policy condition if it has knowledge of the facts giving rise to the disclaimer, but elects to continue its defense." (citation omitted)); see also Arrowood Indemnity Co. v. General Insurance Co.

of America, No. HHB-CV-09-5013456-S, 2010 WL 4885340, at *2 (Conn. Super. Ct. Nov. 3, 2010) ("'Waiver is the intentional relinquishment of a known right . . . [.] A waiver occurs, therefore, only if there is both knowledge of the existence of the right and intent to relinquish it.'" (ellipsis in original) (quoting Heyman Associates Number 1 v. Insurance Co. of Pennsylvania, 653 A.2d 122, 133 (Conn. 1995)). The plaintiff's foreknowledge may also undercut its ability to prove that PHL's alleged misrepresentation induced or otherwise caused the plaintiff to acquire the policies.  See, e.g., Hotel Constructors, Inc. v. Seagrave Corp., 574 F. Supp. 384, 390 (S.D.N.Y. 1983) ("If plaintiffs had complete and true knowledge of the facts supposedly misrepresented, they would have no grounds for claiming fraud." (internal quotation marks omitted)).  Accordingly, the circumstances surrounding US Bank's acquisition of the policies and what the plaintiff knew at the time of acquisition are relevant and discoverable.

On the other hand, the circumstances surrounding the origination of the policies are only relevant if PHL intends to assert a STOLI defense and claim that the policies are void or voidable.[1]  If PHL intends to pursue this defense, it must seek a

---

[1] US Bank argues that a STOLI defense fails as a matter of law.  (Pl. Memo. at 13-14).  I decline to address that issue at this time because "a 'discovery motion' is not the proper forum for deciding the merits of [a defense].'" Granite State Insurance Co. v. Clearwater Insurance Co., No. 09 Civ. 10607, 2012 WL 1520851, at *3 (S.D.N.Y. April 30, 2012) (alteration in original) (quoting Arkwright Mutual Insurance Co. v. National Union Fire Insurance Co., No. 90 Civ. 7811, 1993 WL 437767, at *3 (S.D.N.Y. Oct. 26, 1993)).

declaratory judgment. <u>See, e.g.</u>, <u>Bernstein v. Principal Life Insurance Co.</u>, No. 09 Civ. 4925, 2010 WL 4922093, at *1 (S.D.N.Y. Dec. 2, 2010) (asserting STOLI defense by seeking declaratory judgment that policy is void or voidable); <u>Pennsylvania Mutual Life Insurance Co. v. Wolk</u>, 739 F. Supp. 2d 387, 392-94 (S.D.N.Y. 2010) (declaratory judgment action seeking declaration that life insurance policy is void is appropriate). And, if PHL pursues this defense, it may not continue to collect premiums. <u>Cf.</u> <u>Principal Life Insurance Co. v. Lawrence Rucker 2007 Insurance Trust</u>, 774 F. Supp. 2d 674, 682 (D. Del. 2011) (holding insurer may not retain premiums received on policy that court held to be void <u>ab initio</u> for lack of insurable interest at inception); <u>see also</u> <u>American General Life Insurance Co. v. Salamon</u>, No. 11-1479-cv, 2012 WL 1847175, at *1 (2d Cir. May 22, 2012) (affirming summary judgment for defendants in declaratory judgment action seeking rescission of life insurance policy because plaintiff continued to accept premiums after learning of facts which allow for recission of policy); <u>Fidelity and Guaranty Insurance Underwriters, Inc. v. Jasam Realty Corp.</u>, 540 F.3d 133, 144 (2d Cir. 2008) ("It is well settled that the continued acceptance of premiums by the carrier after learning of facts which allow for recision of the policy, constitutes a waiver of, or more properly an estoppel against, the right to rescind." (internal quotation marks omitted)). Rather, as PHL has done in other cases, it must tender the premiums paid to the court. <u>See, e.g.</u>, Original Complaint, <u>PHL Variable Insurance Co. v. Edwin Fuld Life Insurance Trust</u>, No. 1:12-cv-313 (D. Del.

9

March 15, 2012) (seeking declaration life insurance policy is void and order that premiums paid deposited with court); Complaint, <u>PHL Variable Insurance Co. v. Bernard Fidel 2007 Irrevocable Trust</u>, No. 09-cv-629 (D. Minn. March 18, 2009) (same).  Unless the defendant affirmatively asserts a STOLI defense, the circumstances surrounding the origination of the policies are not relevant to this case.

   C.   Communications Between Various Entities: Requests 1, 9, 12, 15, 18, 24, 27, and 30-31[2]

   US Bank agrees to produce documents responsive to Requests 1, 9, 12, 15, 18, 24, 27, and 30-31 to the extent that they also concern PHL's cost of insurance rate increases, this lawsuit, or the policies, but objects to producing all documents concerning communications regarding PHL and the insureds. (Pl. Memo. at 18). The plaintiff contends that without the subject matter limitation it proposes, it will be required to produce documents concerning numerous other PHL policies it or Lima owns that have nothing to do with this case, as well as life insurance policies that the insureds have that are also unrelated to this case. (Pl. Memo. at 17-18).  Likewise, US Bank objects to Request 31, which seeks all documents concerning any of the policies, insureds, previous owner trust and trustee, producers, PHL, the cost of insurance rate increases, or this lawsuit because there are no subject matter limitations. (Pl. Memo. at 16).

---

   [2] Request 31 is not related to communications, but the defendant has grouped this request with the others addressed in this section.

PHL contends that US Bank's communications with various entities concerning owner trusts and trustees, insureds, producers, and PHL are relevant to this case because they relate to the origination of or the plaintiff's acquisition of the policies. (Def. Memo. at 14-15). However, as discussed above, unless PHL intends to allege that the policies are void or voidable, the circumstances surrounding the origination of the policies are not relevant. As to communications regarding PHL that do not also concern the policies, the defendant has not adequately demonstrated how such communications are reasonably calculated to lead to discovery of admissible evidence.

Accordingly, PHL's motion compel the production of documents responsive to Requests 1, 2, 9, 12, 18, 24, 27, 30, and 31 is denied except as any request relates to the policies, US Bank's acquisition of those policies, PHL's cost of insurance rate increases, or this lawsuit.

The plaintiff also claims that the definitions used by the defendant to identify the various entities with which it communicated are overbroad. (Pl. Memo. at 16-17). PHL contends that the use of defined terms is practical, attempting to be broad enough to describe the types of actors common to all policies while also identifying specific known individuals. (Reply Memo. at 7). In responding to the document requests, the plaintiff should reasonably construe the definitions provided by the defendant.

    D.    Communications with Governmental Entities and Other Third Parties: Interrogatory 8, Requests 28, 59

PHL seeks all information and documents concerning

11

communications that the plaintiff had with legislators, regulators, and other third parties regarding PHL, the policies, the insureds, cost of insurance rate increases, and this litigation. (Def. Memo. at 16).   The plaintiff agrees only to produce its communications with governmental entities that concern PHL's cost of insurance rate increases, this lawsuit, or the policies. (Pl. Memo. at 19). It argues that its other communications, even if they are about PHL or the insureds, are irrelevant to this lawsuit. (Pl. Memo. at 18).   The defendant responds that all of the plaintiff's communications with these governmental entities regarding PHL or the insureds are reasonably calculated to lead to the discovery of admissible evidence, such as to statements made by the plaintiff that contradict its positions in this lawsuit. (Reply Memo. at 8-9).

Having found the defendant is not entitled to discovery pertaining to the origination of the policies at this time, US Bank's communications with governmental entities regarding the insureds are irrelevant unless they also concern PHL's cost of insurance rate increases, this lawsuit, or the policies.   The defendant also has not met its burden in demonstrating that US Bank's communications with governmental entities regarding PHL that have nothing to do with PHL's cost of insurance rate increases, the policies, or the lawsuit is reasonably calculated to lead to admissible evidence.   Accordingly, PHL's motion is denied as to Interrogatory 8 and Requests 28 and 59.

E.   Information or Documents Provided by Lima to US Bank:
     Interrogatory 7(b)-(d)

Most of the information and documents that PHL seeks in Interrogatory 7(b)-(d) is more appropriately obtained through requests for production, as will be discussed below.  See Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule") Rule 33.3 (a). Interrogatory 7(d) is the only subpart that complies with Local Civil Rule 33.3(a) since this information may be relevant to damages.  (Def. Memo. 19).  However, US Bank has already agreed to produce documents discussing or reflecting the valuations of the policies.  (Pl. Memo. 20; Pl. Resp. to Def. Req. at 46-48).  The defendant has not explained why a response to Interrogatory 7(d) is necessary in light of the plaintiff's agreement to produce documents discussing or reflecting valuations of the policies in responses to Requests 68-71.  Accordingly, PHL's motion to compel a response to Interrogatory 7(d) is denied.

As will be discussed below, subparts (b) and (c)[3] to Interrogatory 7 do not comply with Local Civil Rule 33.3, and the plaintiff need not answer them.  Accordingly, PHL's motion as to Interrogatory 7(b) and (c) is also denied.

---

[3] The plaintiff has agreed to produce documents relating to its communications with governmental entities concerning PHL's cost of insurance rate increases, this lawsuit, or the policies (Pl. Memo. at 19), and PHL has failed to demonstrate why it should be entitled to the broader category of communications sought in Interrogatory 7(c).

>F.   Documents   Concerning   Other   Potentially   Relevant
>     Litigation: Requests 72 and 73

PHL seeks all documents related to Lima LS plc v. Pacifica
Group LLC et al., Index No. 652882/2011 ("Lima lawsuit"), as well
as any other litigation that similarly implicates or involves the
PAUL policies. (Def. Memo. at 22; Defendant PHL Variable Insurance
Company's First Set of Requests for Production of Documents,
attached as Exh. 1 to Phillips Decl., Nos. 72-73). The defendant
contends that the Lima lawsuit is relevant because it concerns the
transaction by which the plaintiff acquired ownership of the
policies and relates to claims and potential defenses in this case.
(Def. Memo. at 22). According to the defendant, in the Lima
lawsuit, Lima sued Pacifica alleging breach of contract, negligent
misrepresentation, fraud, and fraudulent inducement in the sale of
the transferred limited liability companies and the portfolio
assets held by Pacifica, which includes the PAUL policies at issue
in this case. (Def. Memo. at 22). PHL contends that information
about the Lima lawsuit would shed light on, among others, a
potential STOLI defense and what Lima knew about the cost of
insurance rate increases at the time it acquired the Pacifica
portfolio. (Def. Memo. at 22; Letter of Jason H. Gould dated July
12, 2012, attached as Exh. 10 to Gould Decl., at 14-15). The
plaintiff argues that because the Lima lawsuit does not involve
PHL's cost of insurance rate, it is not relevant (Pl. Memo. at 19),
and the plaintiff is not aware of any other litigation that
specifically concerns the policies and the issues in this case
(Letter of Khai LeQuang dated July 19, 2012, attached as Exh. 11 to

Gould Decl., at 8).

To the extent that the action identified in Request 72, and any other similar litigation, discusses the cost of insurance rates of the policies at issue, including what the plaintiff knew about the cost of insurance rates at the time of acquisition, the defendant's motion is granted.

> G.  Identification of Entities for Which the Plaintiff Accepts the Responsibility for Searching, Collecting and Producing Responsive Documents

Since PHL acknowledges that US Bank has identified all of the entities for which US Bank accepts responsibility for searching, collecting and producing responsive documents (Reply Memo. at 2), this request is moot.

> H.  Number of Interrogatories

PHL has propounded seventeen interrogatories.  (Defendant PHL Variable Insurance Company's First Set of Interrogatories, attached as Exh. 2 to Phillips Decl.).  US Bank has answered the first eight interrogatories and refuses to answer the balance on the ground that PHL has exceeded the twenty-five permitted interrogatories under Rule 33 of the Federal Rules of Civil Procedure.  (Def. Memo. at 20; Pl. Memo. at 21-22).  The plaintiff argues that within the 17 interrogatories, there are 85 subparts (Pl. Memo. at 22), and that there are 62 separate interrogatories (Def. Memo. at 21).

Many of the defendant's interrogatories are improper because they exceed the scope of questions permitted by Local Civil Rule 33.3.  Under Local Civil Rule 33.3, "[u]nless otherwise ordered by the Court, at the commencement of discovery, interrogatories will

be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant information, including pertinent insurance agreements and other physical evidence, or information of a similar nature." Local Civil Rule 33.3(a); see Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc., No. 08 Civ. 1533, 2011 WL 1642381, at *3 (S.D.N.Y. April 26, 2011) (noting Local Civil Rule 33.3(a)'s limitation on scope of interrogatories). Except to the extent that the plaintiff has already agreed to produce documents or responses, the plaintiff need not answer the following interrogatories, which do not conform to Local Civil Rule 33.3: Interrogatories 1(a)-(f), (h), (j-l); 2, 3(b)-(d), 4(b)-(d); 6(b)-(d); 7 (a)-(c), (e); 8; 9(a)-(d); 12(d)-(e); 13(b)-(c); 14 (a), (c)-(e); 15(a)-(f), (h)-(i); 16(e)-(f), 17. See Carling v. Peters, No. 10 Civ. 4573, 2012 WL 1438261, at *1-2 (S.D.N.Y. April 24, 2012) (denying motion to compel responses to interrogatories because interrogatories failed to comply with Local Civil Rule 33.3); Gary Friedrich Enterprises, LLC, 2011 WL 1642381, at *4 (requiring no responses to interrogatories that do not conform with Local Civil Rule 33.3). In addition, as discussed above, the plaintiff does not need to answer Interrogatories 3, 6, and 7(c)-(d). Consistent with the parameters set forth in this Order, US Bank shall answer or supplement its answers to the remaining interrogatories. To the extent that the remaining interrogatories exceed the numerical

limitations under Rule 33 of the Federal Rules of Civil Procedure, the Court grants PHL leave to serve the additional interrogatories. See Fed. R. Civ. P. 33(a)(1).

Conclusion

US Bank's motion to compel (Docket no. 141) is granted in part and denied in part to the extent indicated above. The plaintiff shall respond to US Bank's discovery requests as set forth in this order by January 7, 2013.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           December 10, 2012

Copies mailed this date:

Khai LeQuang, Esq.
Orrick Herrington & Sutcliffe LLP
2050 Main Street, Suite 1100
Irvine, CA 92614

Melanie D. Phillips, Esq.
Orrick Herrington & Sutcliffe LLP
777 South Figueroa St., Suite 2200
Los Angeles, CA 90017

Philipp Smaylovsky, Esq.
Stephen G. Foresta, Esq.
Shaila R. Diwan, Esq.
Orrick Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019

17

Stephen J. Jorden, Esq.
Brian P. Perryman, Esq.
Jason H. Gould, Esq.
Waldemar J. Pflepsen, Jr., Esq.
Jorden Burt LLP
1025 Thomas Jefferson St., N.W.
Suite 400 East
Washington, D.C. 20007