UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION LP, <br><br> Plaintiff, <br><br> v. <br><br> PHL VARIABLE INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> ECF Case <br><br> Case No. 12 Civ. 6811 (CM) (JCF) |
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary, <br><br> Plaintiff, <br><br> v. <br><br> PHL VARIABLE INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> ECF Case <br><br> Case No. 13 Civ. 1580 (CM) (JCF) |

**DECLARATION OF BRIAN P. PERRYMAN IN SUPPORT OF
DEFENDANT PHL VARIABLE INSURANCE COMPANY'S MOTION
TO PRECLUDE EVIDENCE OF PLAINTIFF'S CLAIMED DAMAGES**

I, Brian P. Perryman, declare as follows:

1.    I am an attorney at the law firm of Jorden Burt LLP and am counsel for defendant PHL Variable Insurance Company in the above-captioned actions.  I am a member in good standing of the Virginia and District of Columbia bars and am admitted *pro hac vice* in the above-captioned actions.

2.      I am over the age of 18 and am familiar with the facts set forth herein.  I submit this declaration in support of PHL's motion to preclude evidence of damages claimed by plaintiff U.S. Bank National Association, as securities intermediary for Lima Acquisition LP.

3.      PHL has never received from plaintiff a damages computation (including a specific dollar figure, fair market valuation, or present value calculation), description of the methodologies or assumptions plaintiff has employed or contends should be employed to compute damages, or supporting documentation.

4.      Attached hereto as Exhibit A is a true and correct copy of plaintiff's initial disclosures served on PHL on February 8, 2012 in the lawsuit (now) numbered 12 Civ. 6811.

5.      Attached hereto as Exhibit B is a true and correct copy of plaintiff's initial disclosures served on PHL on May 31, 2013 in the lawsuit numbered 13 Civ. 1580.

6.      Attached hereto as Exhibit C is a true and correct copy of plaintiff's responses and objections to PHL's first set of requests for production of documents, served on May 17, 2013.

7.      In a July 12, 2012 letter, PHL's counsel again demanded specific interrogatory responses and documents plaintiff had agreed to but not produced, including (at page 16) documents "concerning computation of damages."

8.      Plaintiff's counsel responded in a July 19, 2012 letter, writing (at page 9):

> To the extent the documents listed in your July 12 letter are within the scope of what Plaintiff has agreed to produce, Plaintiff will produce those documents as part of its rolling production, which has already begun.  At this point, Plaintiff believes it will complete its production of documents responsive to PHL's first set of requests for production by early to mid-September [2012].

9.      Attached hereto as Exhibit D is a true and correct copy of relevant excerpts of the transcript of the August 7, 2013 deposition of Ola Eriksson, plaintiff's Rule 30(b)(6) designee, including pages 309 through 316 of the transcript.

10.     Along with my co-counsel, Jason H. Gould, I participated in an August 19, 2013 telephone meeting with plaintiff's counsel (including Rachel Cherrington and Courtney Solomon) to meet and confer in good faith on this motion's subject matter.  The parties were unable to achieve a resolution of this dispute, necessitating the filing of this motion.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.  Executed this 20th day of August, 2013.

_____

Brian P. Perryman

264413v2DC