# EXHIBIT B

Gregory P. Joseph (GJ-1210)
Peter R. Jerdee (PJ-1240)
Rachel M. Cherington (RC-3673)
Courtney A. Solomon (CS-1289)
GREGORY P. JOSEPH LAW OFFICES LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017
Tel: (212) 407-1200
Fax: (212) 407-1280

*Attorneys for Plaintiff U.S. Bank National Association,
as securities intermediary*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as securities intermediary,<br><br>        Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY,<br><br>        Defendant. | Case No. 13 Civ. 1580 (CM) (JCF)<br><br>**RULE 26(A)(1) INITIAL DISCLOSURES BY PLAINTIFF U.S. BANK NATIONAL ASSOCIATION, AS SECURITIES INTERMEDIARY** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff U.S. Bank National Association, as securities intermediary ("Plaintiff"), by and through counsel, makes the following initial disclosures:

### I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

The following individuals are likely to have discoverable information that may be used to support Plaintiff's claims. These disclosures are based on the information that Plaintiff has as of the date of these disclosures and prior to completion of discovery. As a consequence, the list may not contain the names of all persons who may be later identified as having information that Plaintiff may use to support its claims and defenses, including those persons who may be revealed through the discovery process. Plaintiff reserves the right to supplement this list of individuals likely to have discoverable information in support of its claims with additional

individuals, and to use such individuals and their knowledge in support of its claims.

1. Brandon Baer
c/o Gregory P. Joseph
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017

Mr. Baer has information about the Phoenix Accumulator Universal Life Insurance policies set forth on Exhibit 1 to the complaint (the "Policies"), including Plaintiff's performance under the Policies and the impact of the increase in cost of insurance rates.

2. Andy Berman
c/o Gregory P. Joseph
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017

Mr. Berman has information about the Policies, including Plaintiff's performance under the Policies and the impact of the increase in cost of insurance rates.

3. Doug Cardoni
c/o Gregory P. Joseph
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017

Mr. Cardoni has information about the Policies, including Plaintiff's performance under the Policies and the impact of the increase in cost of insurance rates.

4. Ola Eriksson
c/o Gregory P. Joseph
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017

Mr. Eriksson has information about the Policies, including Plaintiff's performance under the Policies and the impact of the increase in cost of insurance rates.

5. Rodney Hutter
c/o Gregory P. Joseph
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017

Mr. Hutter has information about the Policies, including Plaintiff's performance under the Policies and the impact of the increase in cost of insurance rates.

6. Ann Juliano
c/o Gregory P. Joseph
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor

New York, NY 10017

Ms. Juliano has information about the Policies, including Plaintiff's performance under the Policies and the impact of the increase in cost of insurance rates, including on the salability of policies issued by Defendant after the cost of insurance rate increases.

7. Gary Lo
c/o Gregory P. Joseph
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017

Mr. Lo has information about the Policies, including Plaintiff's performance under the Policies and the impact of the increase in cost of insurance rates.

8. Regang Ou
c/o Gregory P. Joseph
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017

Mr. Ou has information about the Policies, including Plaintiff's performance under the Policies and the impact of the increase in cost of insurance rates.

9. Scott B. Rose
Barrett Advisors, LLC
c/o Khai LeQuang
Orrick Herrington & Sutcliffe LLP
777 S. Figueroa Street, Suite 3200
Los Angeles, CA 90017

Mr. Rose has information about the Policies, including Plaintiff's performance under the Policies and the impact of the increase in cost of insurance rates.

10. James Rouse
c/o Gregory P. Joseph
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017

Mr. Rouse has information about the Policies, including Plaintiff's performance under the Policies and the impact of the increase in cost of insurance rates.

11. NorthStar Life Services, LLC
114 Pacifica, Suite 120
Irvine, CA 92618

NorthStar Life Services, LLC has information about the servicing of the Policies, including the payment of premiums.

12. Persons involved in or responsible for the design and development of Phoenix

Accumulator Universal Life Insurance policies, including but not limited to

current or former members of PHL Variable Insurance Company's actuarial department, underwriting department, producer services group, marketing department, and product design department.

13. Persons involved in or responsible for determining or calculating any cost of insurance rates of Phoenix Accumulator Universal Life Insurance policies, including but not limited to current or former members of PHL Variable Insurance Company's actuarial department, underwriting department, producer services group, marketing department, and product design department.

14. Persons involved in or responsible for making any decisions that impacted or potentially impacted the cost of insurance rates of Phoenix Accumulator Universal Life Insurance policies, including but not limited to decisions about investments, setting of reserves, expenses, and taxes. Plaintiff is informed and believes that this would include James D. Wehr, Peter A. Hoffmann, Christopher Wilkos, and Philip Polkinghorn.

15. Persons involved in or responsible for the decision to increase the cost of insurance rates for Phoenix Accumulator Universal Life Insurance policies, including the Policies.

16. Persons involved in or responsible for development of marketing materials for Phoenix Accumulator Universal Life Insurance policies, including but not limited to current or former members of PHL Variable Insurance Company's actuarial department, underwriting department, producer services group, marketing department, and product design department.

17. Persons involved in or with knowledge of PHL Variable Insurance Company's marketing and sales of PAUL policies and PHL Variable Insurance Company's practices with respect to sales of policies with premium financing and/or with knowledge of the effect or anticipated effect of premium financing on premium funding levels over the life of the policy. Plaintiff is informed and believes that

this would include Edward Cassidy, James Davis, Louis DiGiacomo, Scott Grandmont, Ed Humphrey, Terry Kaltenbach, Kevin Kimbrough, Douglas Koch, Max Labar, Kevin Lawler, Richard Martin, Richard Newcombe, Jeffery Nook, Gina O'Connell, David Pellerin, Philip Polkinghorn, William Reynolds, Richard Schaeffer, Gregg Secor, and Joseph Tremblay.

18. Persons involved in or responsible for any language in Phoenix Accumulator Universal Life Insurance policies that is related to cost of insurance.

19. Persons involved in or responsible for the underwriting of the Policies.

20. All persons identified by PHL Variable Insurance Company in response to interrogatories in this action and in the related case of *U.S. Bank National Association v. PHL Variable Insurance Company*, 12 Civ. 6811 (CM) (JCF) (S.D.N.Y.) (the "12 Civ. 6811 Action").

## II. DOCUMENTS

Plaintiff may use the following categories of documents, including electronically stored information, to support Plaintiff's claims, as well as any documents that any third party identifies or produces in this matter. Plaintiff reserves the right to supplement this description and rely on additional documents if and when they become available during the course of discovery or otherwise.

1. The Policies.
2. Plaintiff's policy files for the Policies.
3. Plaintiff's policy valuation and cost of insurance models.
4. The policy files maintained by Plaintiff's servicers for the Policies.
5. The categories of documents identified in the following Requests for Production of Documents served by Plaintiff in the 12 Civ. 6811 Action, which are incorporated by reference herein: Plaintiff's First Request for Production of Documents served on January 26, 2012; Plaintiff's Second Request for Production of Documents served on October 16, 2012; and Plaintiff's Third

Request for Production of Documents served on January 30, 2013.

6. Any categories of documents to be identified in any subsequent requests for production that will be served by Plaintiff in this action and/or in the 12 Civ. 6811 Action.

## III. DAMAGES

The amount and basis for the calculation of Plaintiff's damages is the subject of ongoing discovery and expert opinions in this case and in the 12 Civ. 6811 Action, and will be provided in accordance with the scheduling order. In general, Plaintiff's damages consist of all overcharges or excessive charges for cost of insurance that Plaintiff has paid and continues to pay, the diminution in value of the Policies as a result of Defendant's improper increase in the cost of insurance rates, and Plaintiff's attorneys' fees and costs incurred in this action.

## IV. INSURANCE

Plaintiff is not aware of any applicable insurance policies.

Dated: May 31, 2013

GREGORY P. JOSEPH LAW OFFICES LLC

By: _____
Peter R. Jerdee

*Attorneys for Plaintiff U.S. Bank National Association, as securities intermediary*