# EXHIBIT C

KHAI LEQUANG (SBN 202922)
klequang@orrick.com
MELANIE D. PHILLIPS (SBN 245584)
mphillips@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California  90017
Telephone:  213-629-2020
Facsimile:  213-612-2499

STEPHEN G. FORESTA (admitted *pro hac vice*)
sforesta@orrick.com
PHILIPP SMAYLOVSKY(admitted *pro hac vice*)
psmaylovsky@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND ST
NEW YORK, NY 10019
Telephone:  212-506-5000
Facsimile:  212-506-5151

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION, AS
SECURITIES INTERMEDIARY FOR LIMA
ACQUISITION LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION LP,<br><br>                Plaintiff,<br><br>        v.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>                Defendant. | Case No. CV11-09517 ODW(RZx)<br><br>**PLAINTIFF U.S. BANK NATIONAL ASSOCIATION'S OBJECTIONS AND RESPONSES TO DEFENDANT PHL VARIABLE INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:    PHL VARIABLE INSURANCE COMPANY

RESPONDING PARTY:    U.S. BANK NATIONAL ASSOCIATION, as

securities intermediary for LIMA ACQUISITION

LP

SET NO.:    ONE (1)

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff U.S. Bank National Association, as securities intermediary for Lima Acquisition LP ("Plaintiff" or "Responding Party") hereby responds to Defendant PHL Variable Insurance Company's ("PHL" or "Defendant") First Set of Requests for Documents (the "Requests").

## PRELIMINARY STATEMENT

The Responding Party's responses to the Requests are based on information reasonably available to it at this time. The Responding Party anticipates that further documents may be discovered as discovery in this case progresses and, without in any way obligating itself to do so, the Responding Party reserves the right to modify or supplement its responses with any information or documents that may be subsequently discovered while the case is pending.

## GENERAL OBJECTIONS

The Responding Party makes the following General Objections to each request for documents in the Requests.

1.    The Responding Party objects generally to the Requests to the extent they seek information protected from discovery by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege. No such documents shall be produced. Further, documents containing information subject to such privilege or protection shall be redacted and marked as such. The inadvertent identification or production of any privileged document or information is not a waiver of any applicable privilege.

2.    The Responding Party objects generally to the Requests to the extent

- 1 -

1    the Requests seek trade secrets, confidential or proprietary information, or personal

2    private information, including trade secrets, confidential or proprietary information,

3    or personal private information of third parties.

4        3.    The Responding Party objects generally to the Requests to the extent

5    they purport to impose a discovery obligation on it to produce documents that are

6    not in its possession, custody, or control, no longer exist, or otherwise seek to

7    impose on it obligations that differ from or exceed those required by the Federal

8    Rules of Civil Procedure. The Responding Party will conduct a reasonable search

9    for and produce documents that are within its custody, possession, or control.

10       4.    The Responding Party further objects to the definition of "Fortress" as

11   vague, ambiguous, compound and overbroad to the extent it includes Fortress's

12   officers, directors, employees, partners, parents, subsidiaries, affiliates, other

13   persons purportedly acting on its behalf, or Fortress Investment Group (UK)

14   Limited. The definition of "Fortress" causes each Request that uses the definition

15   to seek information that is not relevant to the subject matter of this action nor

16   reasonably calculated to lead to the discovery of admissible evidence. For purposes

17   of the Responses, the Responding Party interprets "Fortress" to refer to Fortress

18   Investment Group (UK) Ltd., which is the entity that is the party to the Portfolio

19   Advisory Agreement.

20       5.    The Responding Party further objects to the definitions of "Interim

21   Owner Trust" and "Interim Owner Trustee" as vague, ambiguous, overbroad,

22   unintelligible, and nonsensical, and requires the Responding Party to speculate

23   whether a person was or is an Interim Owner Trust or Interim Owner Trustee.

24       6.    The Responding Party further objects to the definition of "KBC" as

25   vague, ambiguous, compound and overbroad to the extent it includes KBC's

26   officers, directors, employees, partners, parents, subsidiaries, affiliates, or other

27   persons purportedly acting on its behalf. The definition of "KBC" causes each

28   Request that uses the definition to seek information that is not relevant to the

- 2 -

U.S. BANK NATIONAL ASSOCIATION'S OBJECTIONS AND
RESPONSES TO PHL'S PHL'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS CV11-09517 ODW(RZx)

1    subject matter of this action nor reasonably calculated to lead to the discovery of

2    admissible evidence.  For purposes of the Responses, the Responding Party

3    interprets "KBC" to refer to the first entity referred to in the definition of "KBC,"

4    which is KBC Bank NV.

5          7.      The Responding Party further objects to the definition of "Lima" as

6    vague, ambiguous, compound and overbroad to the extent it includes Lima's

7    officers, directors, employees, partners, parents, subsidiaries, affiliates, other

8    persons purportedly acting on its behalf, or any person holding a limited or general

9    partnership interest in Lima Acquisition LP or Lima LS plc.  The definition of

10   "Lima" causes each Request that uses the definition to seek information that is not

11   relevant to the subject matter of this action nor reasonably calculated to lead to the

12   discovery of admissible evidence.  For purposes of the Responses, the Responding

13   Party interprets "Lima" to refer to the first entity referred to in the definition of

14   "Lima," which is Lima Acquisition LP.

15         8.      The Responding Party further objects to the definition of "North Star"

16   as vague, ambiguous, compound and overbroad to the extent it includes North

17   Star's officers, directors, employees, partners, parents, subsidiaries, affiliates, other

18   persons purportedly acting on its behalf, or Mutual Credit Corporation.  The

19   definition of "North Star" causes each Request that uses the definition to seek

20   information that is not relevant to the subject matter of this action nor reasonably

21   calculated to lead to the discovery of admissible evidence.  For purposes of the

22   Responses, the Responding Party interprets "North Star" to refer to the first entity

23   referred to in the definition of "North Star" which is North Star Life Services, LLC.

24         9.      The Responding Party further objects to the definitions of "Original

25   Owner Trust" and "Original Owner Trustee" as vague, ambiguous, overbroad,

26   unintelligible, and nonsensical, and requires the Responding Party to speculate

27   whether a person was or is an Original Owner Trust or Original Owner Trustee.

28         10.     The Responding Party further objects to the definition of "Pacifica" as

- 3 -

1  vague, ambiguous, compound and overbroad to the extent it includes Pacifica's

2  officers, directors, employees, partners, parents, subsidiaries, affiliates, other

3  persons purportedly acting on its behalf, or Mutual Credit Corporation.  The

4  definition of "Pacifica" causes each Request that uses the definition to seek

5  information that is not relevant to the subject matter of this action nor reasonably

6  calculated to lead to the discovery of admissible evidence.  For purposes of the

7  Responses, the Responding Party interprets "Pacifica" to refer to the first entity

8  referred to in the definition of "Pacifica," which is Pacifica Group, LLC.

9          11.    The Responding Party further objects to the definition of "PHL" as

10  vague, ambiguous, compound and overbroad to the extent it includes any and all

11  employees and other persons presently or formerly acting, or with authority to act,

12  on its behalf, and Phoenix Life Insurance Company.  The definition of "PHL"

13  causes each Request that uses the definition to seek information that is not relevant

14  to the subject matter of this action nor reasonably calculated to lead to the discovery

15  of admissible evidence.  For purposes of the Responses, the Responding Party

16  interprets "PHL" to refer to the first entity referred to in the definition of "PHL,"

17  which is PHL Variable Insurance Company.

18          12.    The Responding Party further objects to the definition of "Producer"

19  as vague, ambiguous, compound, and overbroad, and requires the Responding Party

20  to speculate whether a person was or is a Producer.

21          13.    The Responding Party further objects to the definition of "Spurling" as

22  vague, ambiguous, compound and overbroad to the extent it includes Spurling's

23  officers, directors, employees, partners, parents, subsidiaries, affiliates, or other

24  persons purportedly acting on its behalf.  The definition of "Spurling" causes each

25  Request that uses the definition to seek information that is not relevant to the

26  subject matter of this action nor reasonably calculated to lead to the discovery of

27  admissible evidence.  For purposes of the Responses, the Responding Party

28  interprets "Spurling" to refer to the first entity referred to in the definition of

- 4 -

1   "Spurling," which is Spurling Group II LLC.

2       14.    The Responding Party further objects to the definition of "Stone

3   Spring" as vague, ambiguous, compound and overbroad to the extent it includes

4   Stone Spring's officers, directors, employees, partners, parents, subsidiaries,

5   affiliates, or other persons purportedly acting on its behalf.  The definition of

6   "Stone Spring" causes each Request that uses the definition to seek information that

7   is not relevant to the subject matter of this action nor reasonably calculated to lead

8   to the discovery of admissible evidence.  For purposes of the Responses, the

9   Responding Party interprets "Stone Spring" to refer to the first entity referred to in

10  the definition of "Stone Spring," which is Stone Spring PC.

11  **RESPONSES TO REQUESTS FOR PRODUCTION**

12  **REQUEST FOR PRODUCTION NO. 1:**

13      All documents concerning communications between You or Lima and PHL.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

15      The Responding Party hereby incorporates by reference its General

16  Objections above as though set forth in full herein.  The Responding Party further

17  objects to this request on the grounds that it is overbroad and seeks documents that

18  are not relevant to the subject matter of this action nor reasonably calculated to lead

19  to the discovery of admissible evidence.  The Responding Party further objects to

20  this request on the grounds that it is unduly burdensome, oppressive, and designed

21  solely to harass the Responding Party.  The Responding Party further objects to this

22  request to the extent that it seeks trade secret, confidential, and/or otherwise

23  proprietary information.  The Responding Party further objects to this request on

24  the grounds that it seeks documents, which, if produced, may violate the privacy

25  rights of third parties.  The Responding Party further objects to this request to the

26  extent it seeks information protected by the attorney-client privilege, the work-

27  product doctrine, and/or any other applicable privilege or protection.

28

U.S. BANK NATIONAL ASSOCIATION'S OBJECTIONS AND
RESPONSES TO PHL'S PHL'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS  CV11-09517 ODW(RZx)

1    Subject to and without waiving the foregoing objections, the Responding

2    Party responds as follows:  The Responding Party will produce non-privileged

3    responsive communications concerning the cost of insurance rates for the Policies.

4    **REQUEST FOR PRODUCTION NO. 2:**

5    A complete copy of each Policy, including the application for insurance.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

7    The Responding Party hereby incorporates by reference its General

8    Objections above as though set forth in full herein.

9    Subject to and without waiving the foregoing objections, the Responding

10    Party responds as follows:  The Responding Party will produce a copy of each

11    Policy.

12    **REQUEST FOR PRODUCTION NO. 3:**

13    All illustrations concerning any Policy.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

15    The Responding Party hereby incorporates by reference its General

16    Objections above as though set forth in full herein.

17    Subject to and without waiving the foregoing objections, the Responding

18    Party responds as follows:  The Responding Party will produce all illustrations for

19    each Policy.

20    **REQUEST FOR PRODUCTION NO. 4:**

21    The articles of association and any certificate of conversion to limited

22    partnership for Lima Acquisition LP.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

24    The Responding Party hereby incorporates by reference its General

25    Objections above as though set forth in full herein.  The Responding Party further

26    objects to this request on the grounds that it seeks documents that are not relevant

27    to the subject matter of this action nor reasonably calculated to lead to the discovery

28    of admissible evidence.  The Responding Party further objects to this request to the

1  extent that it seeks trade secret, confidential, and/or otherwise proprietary

2  information.

3      Subject to and without waiving the foregoing objections, the Responding

4  Party responds as follows:  The Responding Party will produce non-privileged

5  responsive documents.

6  **REQUEST FOR PRODUCTION NO. 5:**

7      The current and any past versions of the Lima Acquisition LP limited

8  partnership agreement, including all amendments and certificates of limited

9  partnership.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11      The Responding Party hereby incorporates by reference its General

12  Objections above as though set forth in full herein.  The Responding Party further

13  objects to this request on the grounds that it seeks documents that are not relevant

14  to the subject matter of this action nor reasonably calculated to lead to the discovery

15  of admissible evidence.  The Responding Party further objects to this request to the

16  extent that it seeks trade secret, confidential, and/or otherwise proprietary

17  information.

18      Subject to and without waiving the foregoing objections, the Responding

19  Party responds as follows:  The Responding Party will produce non-privileged

20  responsive documents.

21  **REQUEST FOR PRODUCTION NO. 6:**

22      Documents sufficient to identify all past and present limited and general

23  partners of Lima Acquisition LP.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

25      The Responding Party hereby incorporates by reference its General

26  Objections above as though set forth in full herein.  The Responding Party further

27  objects to this request on the grounds that it seeks documents that are not relevant

28  to the subject matter of this action nor reasonably calculated to lead to the discovery

1  of admissible evidence.  The Responding Party further objects to this request to the

2  extent that it seeks trade secret, confidential, and/or otherwise proprietary

3  information.

4      Subject to and without waiving the foregoing objections, the Responding

5  Party responds as follows:  The Responding Party will produce non-privileged

6  responsive documents.

7  **REQUEST FOR PRODUCTION NO. 7:**

8      All contracts or agreements between You and Lima concerning any Policy

9  and/or Insured, including without limitation all such contracts or agreements

10  identified, summarized, or otherwise referenced in the Listing Particulars (*e.g.*, the

11  "Note Purchase Agreement," the "Paying Agency Agreement," the "Policy

12  Securities Account Control Agreement," and the "U.S. Bank Account Agreement").

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

14      The Responding Party hereby incorporates by reference its General

15  Objections above as though set forth in full herein.  The Responding Party further

16  objects to this request on the grounds that it is overbroad and seeks documents that

17  are not relevant to the subject matter of this action nor reasonably calculated to lead

18  to the discovery of admissible evidence.  The Responding Party further objects to

19  this request to the extent that it seeks trade secret, confidential, and/or otherwise

20  proprietary information.

21      Subject to and without waiving the foregoing objections, the Responding

22  Party responds as follows:  The Responding Party will produce non-privileged

23  responsive documents to the extent they concern the Policies.

24  **REQUEST FOR PRODUCTION NO. 8:**

25      All contracts or agreements between You and Lima concerning any PHL life

26  insurance policy other than the Policies.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The Responding Party hereby incorporates by reference its General Objections above as though set forth in full herein.  The Responding Party further objects to this request on the grounds that it is overbroad and seeks documents that are not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  The Responding Party further objects to this request on the grounds that it is unduly burdensome, oppressive, and intended solely to harass the Responding Party.  The Responding Party further objects to this request to the extent that it seeks trade secret, confidential, and/or otherwise proprietary information.  The Responding Party further objects to this request on the grounds that it seeks documents, which, if produced, may violate the privacy rights of third parties.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning communications between You and Lima concerning any Policy, any Insured, PHL, the COI rate increase, and/or this lawsuit, including all instructions, entitlement orders, or documents authorizing or requesting that this lawsuit be commenced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The Responding Party hereby incorporates by reference its General Objections above as though set forth in full herein.  The Responding Party further objects to this request on the grounds that it is vague and ambiguous.  The Responding Party further objects to this request on the grounds that it is overbroad and seeks documents that are not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  The Responding Party further objects to this request on the grounds that it is unduly burdensome, oppressive, and intended solely to harass the Responding Party.  The Responding Party further objects to this request to the extent that it seeks trade secret, confidential, and/or otherwise proprietary information.  The Responding

- 9 -

1  Party further objects to this request on the grounds that it seeks documents, which,

2  if produced, would violate the privacy rights of third parties.

3     Subject to and without waiving the foregoing objections, the Responding

4  Party responds as follows:  The Responding Party will produce non-privileged

5  responsive communications concerning the cost of insurance rates for the Policies,

6  including any correspondence instructing the commencement of this action.

7  **REQUEST FOR PRODUCTION NO. 10:**

8     All contracts or agreements between You or Lima and any Interim Owner

9  Trust or Interim Owner Trustee concerning any Policy and/or Insured.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

11     The Responding Party hereby incorporates by reference its General

12  Objections above as though set forth in full herein.  The Responding Party further

13  objects to this request on the grounds that it seeks documents that are not relevant

14  to the subject matter of this action nor reasonably calculated to lead to the discovery

15  of admissible evidence.  The Responding Party further objects to this request on the

16  grounds that it seeks documents, which, if produced, may violate the privacy rights

17  of third parties.

18     Subject to and without waiving the foregoing objections, the Responding

19  Party responds as follows:  The Responding Party will produce non-privileged

20  responsive documents to the extent they concern the Policies.

21  **REQUEST FOR PRODUCTION NO. 11:**

22     All contracts or agreements between You or Lima and any Interim Owner

23  Trust or Interim Owner Trustee concerning any PHL life insurance policy other

24  than the Policies.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

26     The Responding Party hereby incorporates by reference its General

27  Objections above as though set forth in full herein.  The Responding Party further

28  objects to this request on the grounds that it seeks documents that are not relevant

1   to the subject matter of this action nor reasonably calculated to lead to the discovery

2   of admissible evidence.  The Responding Party further objects to this request on the

3   grounds that it is unduly burdensome, oppressive, and intended solely to harass the

4   Responding Party.  The Responding Party further objects to this request on the

5   grounds that it seeks documents, which, if produced, may violate the privacy rights

6   of third parties.

7   **REQUEST FOR PRODUCTION NO. 12:**

8       All documents concerning communications between You or Lima and any

9   Interim Owner Trust or Interim Owner Trustee concerning any Policy, any Insured,

10  PHL, the COI rate increase, and/or this lawsuit.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

12      The Responding Party hereby incorporates by reference its General

13  Objections above as though set forth in full herein.  The Responding Party further

14  objects to this request on the grounds that it is vague and ambiguous.  The

15  Responding Party further objects to this request on the grounds that it is overbroad

16  and seeks documents that are not relevant to the subject matter of this action nor

17  reasonably calculated to lead to the discovery of admissible evidence.  The

18  Responding Party further objects to this request on the grounds that it is unduly

19  burdensome, oppressive, and intended solely to harass the Responding Party.  The

20  Responding Party further objects to this request to the extent that it seeks trade

21  secret, confidential, and/or otherwise proprietary information.  The Responding

22  Party further objects to this request on the grounds that it seeks documents, which,

23  if produced, would violate the privacy rights of third parties.

24      Subject to and without waiving the foregoing objections, the Responding

25  Party responds as follows:  The Responding Party will produce non-privileged

26  responsive communications concerning the cost of insurance rates for the Policies.

27

28

1  **REQUEST FOR PRODUCTION NO. 13:**

2      All contracts or agreements between You or Lima and any Original Owner

3  Trust or Original Owner Trustee concerning any Policy and/or Insured.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

5      The Responding Party hereby incorporates by reference its General

6  Objections above as though set forth in full herein.  The Responding Party further

7  objects to this request on the grounds that it seeks documents that are not relevant

8  to the subject matter of this action nor reasonably calculated to lead to the discovery

9  of admissible evidence.  The Responding Party further objects to this request on the

10  grounds that it seeks documents, which, if produced, may violate the privacy rights

11  of third parties.

12      Subject to and without waiving the foregoing objections, the Responding

13  Party responds as follows:  The Responding Party will produce non-privileged

14  responsive documents to the extent they concern the Policies.

15  **REQUEST FOR PRODUCTION NO. 14:**

16      All contracts or agreements between You or Lima and any Original Owner

17  Trust or Original Owner Trustee concerning any PHL life insurance policy other

18  than the Policies.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

20      The Responding Party hereby incorporates by reference its General

21  Objections above as though set forth in full herein.  The Responding Party further

22  objects to this request on the grounds that it seeks documents that are not relevant

23  to the subject matter of this action nor reasonably calculated to lead to the discovery

24  of admissible evidence.  The Responding Party further objects to this request on the

25  grounds that it is unduly burdensome, oppressive, and intended solely to harass the

26  Responding Party.  The Responding Party further objects to this request on the

27  grounds that it seeks documents, which, if produced, may violate the privacy rights

28  of third parties.

- 12 -

1  **REQUEST FOR PRODUCTION NO. 15:**

2      All documents concerning communications between You or Lima and any

3  Original Owner Trust or Original Owner Trustee concerning any Policy, any

4  Insured, PHL, the COI rate increase, and/or this lawsuit.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

6      The Responding Party hereby incorporates by reference its General

7  Objections above as though set forth in full herein.  The Responding Party further

8  objects to this request on the grounds that it is vague and ambiguous.  The

9  Responding Party further objects to this request on the grounds that it is overbroad

10  and seeks documents that are not relevant to the subject matter of this action nor

11  reasonably calculated to lead to the discovery of admissible evidence.  The

12  Responding Party further objects to this request on the grounds that it is unduly

13  burdensome, oppressive, and intended solely to harass the Responding Party.  The

14  Responding Party further objects to this request on the grounds that it seeks

15  documents, which, if produced, would violate the privacy rights of third parties.

16      Subject to and without waiving the foregoing objections, the Responding

17  Party responds as follows:  The Responding Party will produce non-privileged

18  responsive communications concerning the cost of insurance rates for the Policies.

19  **REQUEST FOR PRODUCTION NO. 16:**

20      All contracts or agreements between You or Lima and any Producer

21  concerning any Policy and/or Insured.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

23      The Responding Party hereby incorporates by reference its General

24  Objections above as though set forth in full herein.  The Responding Party further

25  objects to this request on the grounds that it is vague and ambiguous.  The

26  Responding Party further objects to this request on the ground that it is overbroad

27  and seeks documents that are not relevant to the subject matter of this action nor

28  reasonably calculated to lead to the discovery of admissible evidence.  The

U.S. BANK NATIONAL ASSOCIATION'S OBJECTIONS AND
RESPONSES TO PHL'S PHL'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS  CV11-09517 ODW(RZx)

1  Responding Party further objects to this request on the grounds that it seeks

2  documents, which, if produced, may violate the privacy rights of third parties.

3         Subject to and without waiving the foregoing objections, the Responding

4  Party responds as follows:  The Responding Party will produce non-privileged

5  responsive documents to the extent they concern the Policies.

6  **REQUEST FOR PRODUCTION NO. 17:**

7         All contracts or agreements between You or Lima and any Producer

8  concerning any PHL life insurance policy other than the Policies.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

10        The Responding Party hereby incorporates by reference its General

11  Objections above as though set forth in full herein.  The Responding Party further

12  objects to this request on the grounds that it is vague and ambiguous.  The

13  Responding Party further objects to this request on the grounds that it is overbroad

14  and seeks documents that are not relevant to the subject matter of this action nor

15  reasonably calculated to lead to the discovery of admissible evidence.  The

16  Responding Party further objects to this request on the grounds that it is unduly

17  burdensome, oppressive, and intended solely to harass the Responding Party.  The

18  Responding Party further objects to this request to the extent that it seeks trade

19  secret, confidential, and/or otherwise proprietary information.  The Responding

20  Party further objects to this request on the grounds that it seeks documents, which,

21  if produced, would violate the privacy rights of third parties.

22  **REQUEST FOR PRODUCTION NO. 18:**

23        All documents concerning communications between You or Lima and any

24  Producer concerning any Policy, any Insured, PHL, the COI rate increase, and/or

25  this lawsuit.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

27        The Responding Party hereby incorporates by reference its General

28  Objections above as though set forth in full herein.  The Responding Party further

- 14 -

1  objects to this request on the grounds that it is vague and ambiguous.  The

2  Responding Party further objects to this request on the ground that it is overbroad

3  and seeks documents that are not relevant to the subject matter of this action nor

4  reasonably calculated to lead to the discovery of admissible evidence.  The

5  Responding Party further objects to this request on the grounds that it seeks

6  documents, which, if produced, may violate the privacy rights of third parties.

7  　　　　Subject to and without waiving the foregoing objections, the Responding

8  Party responds as follows:  The Responding Party will produce non-privileged

9  responsive communications concerning the cost of insurance rates for the Policies.

10 **REQUEST FOR PRODUCTION NO. 19:**

11 　　　　All contracts or agreements between You or Lima and Spurling or Stone

12 Spring concerning any Policy and/or Insured.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

14 　　　　The Responding Party hereby incorporates by reference its General

15 Objections above as though set forth in full herein.  The Responding Party further

16 objects to this request on the ground that it seeks documents that are not relevant to

17 the subject matter of this action nor reasonably calculated to lead to the discovery

18 of admissible evidence.  The Responding Party further objects to this request on the

19 grounds that it is unduly burdensome, oppressive, and intended solely to harass the

20 Responding Party.  The Responding Party further objects to this request on the

21 ground that it constitutes a fishing expedition.

22 **REQUEST FOR PRODUCTION NO. 20:**

23 　　　　All contracts or agreements between You or Lima and Spurling or Stone

24 Spring concerning any PHL life insurance policy other than the Policies.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

26 　　　　The Responding Party hereby incorporates by reference its General

27 Objections above as though set forth in full herein.  The Responding Party further

28 objects to this request on the ground that it seeks documents that are not relevant to

U.S. Bank National Association's Objections and
Responses to PHL's PHL's First Set of Requests for
Production of Documents  CV11-09517 ODW(RZx)

1   the subject matter of this action nor reasonably calculated to lead to the discovery

2   of admissible evidence.  The Responding Party further objects to this request on the

3   grounds that it is unduly burdensome, oppressive, and intended solely to harass the

4   Responding Party.  The Responding Party further objects to this request on the

5   ground that it constitutes a fishing expedition.

6   **REQUEST FOR PRODUCTION NO. 21:**

7       All documents concerning communications between You or Lima and

8   Spurling or Stone Spring concerning any Policy, any Insured, PHL, the COI rate

9   increase, and/or this lawsuit.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

11      The Responding Party hereby incorporates by reference its General

12  Objections above as though set forth in full herein.  The Responding Party further

13  objects to this request on the grounds that it is vague and ambiguous.  The

14  Responding Party further objects to this request on the grounds that it is overbroad

15  and seeks documents that are not relevant to the subject matter of this action nor

16  reasonably calculated to lead to the discovery of admissible evidence.  The

17  Responding Party further objects to this request on the grounds that it is unduly

18  burdensome, oppressive, and intended solely to harass the Responding Party.  The

19  Responding Party further objects to this request on the ground that it constitutes a

20  fishing expedition.  The Responding Party further objects to this request on the

21  grounds that it seeks documents, which, if produced, may violate the privacy rights

22  of third parties.

23  **REQUEST FOR PRODUCTION NO. 22:**

24      All contracts or agreements between You or Lima and KBC, North Star or

25  Pacifica concerning any Policy and/or Insured, including without limitation all such

26  contracts or agreements identified, summarized, or otherwise referenced in the

27  Listing Particulars (e.g., the "Unit Purchase Agreement" or "Pacifica Sales

28  Agreement").

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

2      The Responding Party hereby incorporates by reference its General

3   Objections above as though set forth in full herein.  The Responding Party further

4   objects to this request on the grounds that it is overbroad and seeks documents that

5   are not relevant to the subject matter of this action nor reasonably calculated to lead

6   to the discovery of admissible evidence.  The Responding Party further objects to

7   this request to the extent that it seeks trade secret, confidential, and/or otherwise

8   proprietary information.

9      Subject to and without waiving the foregoing objections, the Responding

10   Party responds as follows:  The Responding Party will produce non-privileged

11   responsive documents to the extent they concern the Policies.

12   **REQUEST FOR PRODUCTION NO. 23:**

13      All contracts or agreements between You or Lima and North Star or Pacifica

14   concerning any PHL life insurance policy other than the Policies.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

16      The Responding Party hereby incorporates by reference its General

17   Objections above as though set forth in full herein.  The Responding Party further

18   objects to this request on the grounds that it is overbroad and seeks documents that

19   are not relevant to the subject matter of this action nor reasonably calculated to lead

20   to the discovery of admissible evidence.  The Responding Party further objects to

21   this request on the grounds that it is unduly burdensome, oppressive, and intended

22   solely to harass the Responding Party.  The Responding Party further objects to this

23   request on the ground that it constitutes a fishing expedition.  The Responding Party

24   further objects to this request to the extent that it seeks trade secret, confidential,

25   and/or otherwise proprietary information.

26

27

28

1   **REQUEST FOR PRODUCTION NO. 24:**

2       All documents concerning communications between You or Lima and KBC,

3   North Star or Pacifica concerning any Policy, any Insured, PHL, the COI rate

4   increase, and/or this lawsuit.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

6       The Responding Party hereby incorporates by reference its General

7   Objections above as though set forth in full herein.  The Responding Party further

8   objects to this request on the grounds that it is vague and ambiguous.  The

9   Responding Party further objects to this request on the grounds that it is overbroad

10  and seeks documents that are not relevant to the subject matter of this action nor

11  reasonably calculated to lead to the discovery of admissible evidence.  The

12  Responding Party further objects to this request on the grounds that it is unduly

13  burdensome, oppressive, and intended solely to harass the Responding Party.  The

14  Responding Party further objects to this request on the ground that it constitutes a

15  fishing expedition.  The Responding Party further objects to this request on the

16  grounds that it seeks documents, which, if produced, may violate the privacy rights

17  of third parties.

18      Subject to and without waiving the foregoing objections, the Responding

19  Party responds as follows:  The Responding Party will produce non-privileged

20  responsive communications concerning the cost of insurance rates for the Policies.

21  **REQUEST FOR PRODUCTION NO. 25:**

22      All contracts or agreements between You or Lima and Fortress concerning

23  any Policy and/or Insured, including without limitation all such contracts or

24  agreements identified, summarized, or otherwise referenced in the Listing

25  Particulars (*e.g.*, the "Portfolio Advisory Agreement").

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

27      The Responding Party hereby incorporates by reference its General

28  Objections above as though set forth in full herein.  The Responding Party further

1  objects to this request on the grounds that it is overbroad and seeks documents that

2  are not relevant to the subject matter of this action nor reasonably calculated to lead

3  to the discovery of admissible evidence.  The Responding Party further objects to

4  this request to the extent that it seeks trade secret, confidential, and/or otherwise

5  proprietary information.

6       Subject to and without waiving the foregoing objections, the Responding

7  Party responds as follows:  The Responding Party will produce non-privileged

8  responsive documents to the extent they concern the Policies.

9  **REQUEST FOR PRODUCTION NO. 26:**

10       All contracts or agreements between You or Lima and Fortress concerning

11  any PHL life insurance policy other than the Policies.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

13       The Responding Party hereby incorporates by reference its General

14  Objections above as though set forth in full herein.  The Responding Party further

15  objects to this request on the grounds that it is overbroad and seeks documents that

16  are not relevant to the subject matter of this action nor reasonably calculated to lead

17  to the discovery of admissible evidence.  The Responding Party further objects to

18  this request on the grounds that it is unduly burdensome, oppressive, and intended

19  solely to harass the Responding Party.  The Responding Party further objects to this

20  request on the ground that it constitutes a fishing expedition.  The Responding Party

21  further objects to this request to the extent that it seeks trade secret, confidential,

22  and/or otherwise proprietary information.

23  **REQUEST FOR PRODUCTION NO. 27:**

24       All documents concerning communications between You or Lima and

25  Fortress concerning any Policy, any Insured, PHL, the COI rate increase, and/or

26  this lawsuit.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

The Responding Party hereby incorporates by reference its General Objections above as though set forth in full herein.  The Responding Party further objects to this request on the grounds that it is vague and ambiguous.  The Responding Party further objects to this request on the grounds that it is overbroad and seeks documents that are not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  The Responding Party further objects to this request on the grounds that it seeks documents, which, if produced, may violate the privacy rights of third parties.

Subject to and without waiving the foregoing objections, the Responding Party responds as follows:  The Responding Party will produce non-privileged responsive communications concerning the cost of insurance rates for the Policies.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning communications between You or Lima, or any person acting on behalf of You or Lima (e.g., Fortress), and any governmental entity, representative, or staff, including without limitation any state legislator or regulatory authority, concerning any Policy, any Insured, PHL, the COI rate increase, and/or this lawsuit. Examples of documents responsive to this Request include without limitation: (i) all documents concerning the request for assistance submitted by Fortress to the California Department of Insurance (CA DOI file no. RUS-6723791); and (ii) all documents concerning communications with any member of the Connecticut General Assembly regarding Raised Senate Bill No. 409 ("An act concerning disclosures for certain life insurance policies and concerning life insurance and annuity policies that include long-term care benefits").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

The Responding Party hereby incorporates by reference its General Objections above as though set forth in full herein.  The Responding Party further

U.S. BANK NATIONAL ASSOCIATION'S OBJECTIONS AND RESPONSES TO PHL'S PHL'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS CV11-09517 ODW(RZx)

1   objects to this request on the grounds that it is vague and ambiguous.  The

2   Responding Party further objects to this request on the grounds that it is overbroad

3   and seeks documents that are not relevant to the subject matter of this action nor

4   reasonably calculated to lead to the discovery of admissible evidence.  The

5   Responding Party further objects to this request on the grounds that it is unduly

6   burdensome, oppressive, and intended solely to harass the Responding Party.  The

7   Responding Party further objects to this request on the ground that it constitutes a

8   fishing expedition.  The Responding Party further objects to this request to the

9   extent that it seeks trade secret, confidential, and/or otherwise proprietary

10  information.  The Responding Party further objects to this request on the grounds

11  that it seeks documents, which, if produced, may violate the privacy rights of third

12  parties.

13  **REQUEST FOR PRODUCTION NO. 29:**

14       All contracts or agreements between You or Lima and any person concerning

15  any Policy, any Insured, any Original Owner Trust, any Original Owner Trustee,

16  any Interim Owner Trust, any Interim Owner Trustee, any Producer, PHL, the COI

17  rate increase, and/or this lawsuit, including without limitation all such contracts or

18  agreements identified, summarized, or otherwise referenced in the Listing

19  Particulars (*e.g.*, the "Guarantee and Pledge Agreement," the "Pacifica Servicing

20  Agreement," the "Custody Agreement," the "Pacifica Portfolio Management

21  Agreement," the "Subscription Agreement," the "Intercreditor Agreement," the

22  "Trust Deed," the "Pledge and Security Agreement," and the "Holdings Pledge

23  Agreement").

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

25       The Responding Party hereby incorporates by reference its General

26  Objections above as though set forth in full herein.  The Responding Party further

27  objects to this request on the grounds that it is vague and ambiguous.  The

28  Responding Party further objects to this request on the grounds that it is overbroad

- 21 -

U.S. Bank National association's Objections and
Responses to PHL's PHL's First Set of Requests for
Production of Documents  CV11-09517 ODW(RZx)

1 | and seeks documents that are not relevant to the subject matter of this action nor

2 | reasonably calculated to lead to the discovery of admissible evidence. The

3 | Responding Party further objects to this request on the grounds that it is unduly

4 | burdensome, oppressive, and intended solely to harass the Responding Party. The

5 | Responding Party further objects to this request to the extent that it seeks trade

6 | secret, confidential, and/or otherwise proprietary information. The Responding

7 | Party further objects to this request on the grounds that it seeks documents, which,

8 | if produced, would violate the privacy rights of third parties.

9 | Subject to and without waiving the foregoing objections, the Responding

10 | Party responds as follows: The Responding Party will produce non-privileged

11 | responsive documents to the extent they concern the Policies.

12 | **REQUEST FOR PRODUCTION NO. 30:**

13 | All documents concerning communications between you or Lima and any

14 | other person regarding any Policy, any Insured, any Original Owner Trust, any

15 | Original Owner Trustee, any Interim Owner Trust, any Interim Owner Trustee, any

16 | Producer, PHL, the COI rate increase, and/or this lawsuit.

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

18 | The Responding Party hereby incorporates by reference its General

19 | Objections above as though set forth in full herein. The Responding Party further

20 | objects to this request on the grounds that it is vague and ambiguous. The

21 | Responding Party further objects to this request on the grounds that it is overbroad

22 | and seeks documents that are not relevant to the subject matter of this action nor

23 | reasonably calculated to lead to the discovery of admissible evidence. The

24 | Responding Party further objects to this request on the grounds that it is unduly

25 | burdensome, oppressive, and intended solely to harass the Responding Party. The

26 | Responding Party further objects to this request to the extent that it seeks trade

27 | secret, confidential, and/or otherwise proprietary information. The Responding

28 |

1   Party further objects to this request on the grounds that it seeks documents, which,

2   if produced, would violate the privacy rights of third parties.

3        Subject to and without waiving the foregoing objections, the Responding

4   Party responds as follows:  The Responding Party will produce non-privileged

5   responsive communications concerning the cost of insurance rates for the Policies.

6   **REQUEST FOR PRODUCTION NO. 31:**

7        All documents concerning any Policy, any Insured, any Original Owner

8   Trust, any Original Owner Trustee, any Interim Owner Trust, any Interim Owner

9   Trustee, any Producer, PHL, the COI rate increase, and/or this lawsuit.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

11       The Responding Party hereby incorporates by reference its General

12  Objections above as though set forth in full herein.  The Responding Party further

13  objects to this request on the grounds that it is overbroad and seeks documents that

14  are not relevant to the subject matter of this action nor reasonably calculated to lead

15  to the discovery of admissible evidence.  The Responding Party further objects to

16  this request on the grounds that it is unduly burdensome, oppressive, and intended

17  solely to harass the Responding Party.  The Responding Party further objects to this

18  request on the ground that it constitutes a fishing expedition.  The Responding Party

19  further objects to this request to the extent that it seeks trade secret, confidential,

20  and/or otherwise proprietary information.  The Responding Party further objects to

21  this request on the grounds that it seeks documents, which, if produced, may violate

22  the privacy rights of third parties.

23       Subject to and without waiving the foregoing objections, the Responding

24  Party responds as follows:  The Responding Party will produce non-privileged

25  responsive documents concerning the cost of insurance rates for the Policies.

26  **REQUEST FOR PRODUCTION NO. 32:**

27       All trust agreements concerning any Original Owner Trust or any Interim

28  Owner Trust.

U.S. Bank National association's Objections and
Responses to PHL's PHL's First Set of Requests for
Production of Documents  CV11-09517 ODW(RZx)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

2        The Responding Party hereby incorporates by reference its General

3    Objections above as though set forth in full herein.  The Responding Party further

4    objects to this request on the grounds that it is overbroad and seeks documents that

5    are not relevant to the subject matter of this action nor reasonably calculated to lead

6    to the discovery of admissible evidence.  The Responding Party further objects to

7    this request on the grounds that it is unduly burdensome, oppressive, and intended

8    solely to harass the Responding Party.  The Responding Party further objects to this

9    request on the ground that it constitutes a fishing expedition.  The Responding Party

10   further objects to this request to the extent that it seeks trade secret, confidential,

11   and/or otherwise proprietary information.  The Responding Party further objects to

12   this request on the grounds that it seeks documents, which, if produced, may violate

13   the privacy rights of third parties.

14   **REQUEST FOR PRODUCTION NO. 33:**

15       All trust agreements for any trust subsidiary to any Original Owner Trust, or

16   for any trust to which any Original Owner Trust is subsidiary.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

18       The Responding Party hereby incorporates by reference its General

19   Objections above as though set forth in full herein.  The Responding Party further

20   objects to this request on the grounds that it is overbroad and seeks documents that

21   are not relevant to the subject matter of this action nor reasonably calculated to lead

22   to the discovery of admissible evidence.  The Responding Party further objects to

23   this request on the grounds that it is unduly burdensome, oppressive, and intended

24   solely to harass the Responding Party.  The Responding Party further objects to this

25   request on the ground that it constitutes a fishing expedition.  The Responding Party

26   further objects to this request to the extent that it seeks trade secret, confidential,

27   and/or otherwise proprietary information.  The Responding Party further objects to

28

- 24 -

1  this request on the grounds that it seeks documents, which, if produced, may violate

2  the privacy rights of third parties.

3  **REQUEST FOR PRODUCTION NO. 34:**

4     All trust agreements for any trust subsidiary to any Interim Owner Trust, or

5  for any trust to which any Interim Owner Trust is subsidiary.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

7     The Responding Party hereby incorporates by reference its General

8  Objections above as though set forth in full herein.  The Responding Party further

9  objects to this request on the grounds that it is overbroad and seeks documents that

10  are not relevant to the subject matter of this action nor reasonably calculated to lead

11  to the discovery of admissible evidence.  The Responding Party further objects to

12  this request on the grounds that it is unduly burdensome, oppressive, and intended

13  solely to harass the Responding Party.  The Responding Party further objects to this

14  request on the ground that it constitutes a fishing expedition.  The Responding Party

15  further objects to this request to the extent that it seeks trade secret, confidential,

16  and/or otherwise proprietary information.  The Responding Party further objects to

17  this request on the grounds that it seeks documents, which, if produced, may violate

18  the privacy rights of third parties.

19  **REQUEST FOR PRODUCTION NO. 35:**

20     All agreements concerning the beneficial interest of any Original Owner

21  Trust or any Interim Owner Trust, including without limitation, option agreements

22  and beneficial interest transfer agreements.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

24     The Responding Party hereby incorporates by reference its General

25  Objections above as though set forth in full herein.  The Responding Party further

26  objects to this request on the grounds that it is vague and ambiguous.  The

27  Responding Party further objects to this request on the grounds that it is overbroad

28  and seeks documents that are not relevant to the subject matter of this action nor

- 25 -

1  reasonably calculated to lead to the discovery of admissible evidence.  The

2  Responding Party further objects to this request on the grounds that it is unduly

3  burdensome, oppressive, and intended solely to harass the Responding Party.  The

4  Responding Party further objects to this request on the ground that it constitutes a

5  fishing expedition.  The Responding Party further objects to this request to the

6  extent that it seeks trade secret, confidential, and/or otherwise proprietary

7  information.  The Responding Party further objects to this request on the grounds

8  that it seeks documents, which, if produced, may violate the privacy rights of third

9  parties.

10  **REQUEST FOR PRODUCTION NO. 36:**

11      All documents concerning the identity and the designation of beneficiaries

12  of, or persons holding any ownership or other beneficial interest in any Original

13  Owner Trust, any subsidiary of an Original Owner Trust, or any trust of which an

14  Original Owner Trust is a subsidiary.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

16      The Responding Party hereby incorporates by reference its General

17  Objections above as though set forth in full herein.  The Responding Party further

18  objects to this request on the grounds that it is overbroad and seeks documents that

19  are not relevant to the subject matter of this action nor reasonably calculated to lead

20  to the discovery of admissible evidence.  The Responding Party further objects to

21  this request on the grounds that it is unduly burdensome, oppressive, and intended

22  solely to harass the Responding Party.  The Responding Party further objects to this

23  request on the ground that it constitutes a fishing expedition.  The Responding Party

24  further objects to this request to the extent that it seeks trade secret, confidential,

25  and/or otherwise proprietary information.  The Responding Party further objects to

26  this request on the grounds that it seeks documents, which, if produced, may violate

27  the privacy rights of third parties.

28

- 26 -

1  **REQUEST FOR PRODUCTION NO. 37:**

2       All documents concerning the identity and the designation of beneficiaries

3  of, or persons holding any ownership or other beneficial interest in any Interim

4  Owner Trust, any subsidiary of an Interim Owner Trust, or any trust of which an

5  Interim Owner Trust is a subsidiary.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

7       The Responding Party hereby incorporates by reference its General

8  Objections above as though set forth in full herein.  The Responding Party further

9  objects to this request on the grounds that it is overbroad and seeks documents that

10  are not relevant to the subject matter of this action nor reasonably calculated to lead

11  to the discovery of admissible evidence.  The Responding Party further objects to

12  this request on the grounds that it is unduly burdensome, oppressive, and intended

13  solely to harass the Responding Party.  The Responding Party further objects to this

14  request on the ground that it constitutes a fishing expedition.  The Responding Party

15  further objects to this request to the extent that it seeks trade secret, confidential,

16  and/or otherwise proprietary information.  The Responding Party further objects to

17  this request on the grounds that it seeks documents, which, if produced, may violate

18  the privacy rights of third parties.

19  **REQUEST FOR PRODUCTION NO. 38:**

20       All documents concerning any actual or contemplated transfer, assignment or

21  change of the beneficiaries or trustee of any Original Owner Trust or of any

22  subsidiary of any Original Owner Trust, or of those holding an ownership or other

23  beneficial interest in any Original Owner Trust or any subsidiary of any Original

24  Owner Trust.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

26       The Responding Party hereby incorporates by reference its General

27  Objections above as though set forth in full herein.  The Responding Party further

28  objects to this request on the grounds that it is overbroad and seeks documents that

U.S. Bank National Association's Objections and
Responses to PHL's PHL's First Set of Requests for
Production of Documents  CV11-09517 ODW(RZx)

1  are not relevant to the subject matter of this action nor reasonably calculated to lead

2  to the discovery of admissible evidence.  The Responding Party further objects to

3  this request on the grounds that it is unduly burdensome, oppressive, and intended

4  solely to harass the Responding Party.  The Responding Party further objects to this

5  request on the ground that it constitutes a fishing expedition.  The Responding Party

6  further objects to this request to the extent that it seeks trade secret, confidential,

7  and/or otherwise proprietary information.  The Responding Party further objects to

8  this request on the grounds that it seeks documents, which, if produced, may violate

9  the privacy rights of third parties.

10      Subject to and without waiving the foregoing objections, the Responding

11  Party responds as follows:  The Responding Party will produce responsive non-

12  privileged responsive documents reflecting Lima Acquisition LP's ("Lima")

13  purchase of the Policies.

14  **REQUEST FOR PRODUCTION NO. 39:**

15      All documents concerning any actual or contemplated transfer, assignment or

16  change of the beneficiaries or trustee of any Interim Owner Trust or of any

17  subsidiary of any Interim Owner Trust, or of those holding an ownership or other

18  beneficial interest in any Interim Owner Trust or any subsidiary of any Interim

19  Owner Trust.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

21      The Responding Party hereby incorporates by reference its General

22  Objections above as though set forth in full herein.  The Responding Party further

23  objects to this request on the grounds that it is overbroad and seeks documents that

24  are not relevant to the subject matter of this action nor reasonably calculated to lead

25  to the discovery of admissible evidence.  The Responding Party further objects to

26  this request on the grounds that it is unduly burdensome, oppressive, and intended

27  solely to harass the Responding Party.  The Responding Party further objects to this

28  request on the ground that it constitutes a fishing expedition.  The Responding Party

- 28 -

1    further objects to this request to the extent that it seeks trade secret, confidential,

2    and/or otherwise proprietary information.  The Responding Party further objects to

3    this request on the grounds that it seeks documents, which, if produced, may violate

4    the privacy rights of third parties.

5        Subject to and without waiving the foregoing objections, the Responding

6    Party responds as follows:  The Responding Party will produce responsive non-

7    privileged responsive documents reflecting Lima's purchase of the Policies.

8    **REQUEST FOR PRODUCTION NO. 40:**

9        All documents that identify, describe, explain, or otherwise concern the

10    relationships between You or Lima and any Insured, any Original Owner Trust, any

11    Original Owner Trustee, any Interim Owner Trust, any Interim Owner Trustee, any

12    Producer, North Star, Pacifica, Fortress, Spurling, or Stone Spring, including

13    without limitation all documents concerning any ownership or other beneficial

14    interest that You or Lima have or had in any such person.

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

16        The Responding Party hereby incorporates by reference its General

17    Objections above as though set forth in full herein.  The Responding Party further

18    objects to this request on the grounds that it is overbroad and seeks documents that

19    are not relevant to the subject matter of this action nor reasonably calculated to lead

20    to the discovery of admissible evidence.  The Responding Party further objects to

21    this request on the grounds that it is unduly burdensome, oppressive, and intended

22    solely to harass the Responding Party.  The Responding Party further objects to this

23    request on the ground that it constitutes a fishing expedition.  The Responding Party

24    further objects to this request to the extent that it seeks trade secret, confidential,

25    and/or otherwise proprietary information.  The Responding Party further objects to

26    this request on the grounds that it seeks documents, which, if produced, may violate

27    the privacy rights of third parties.

28

1    **REQUEST FOR PRODUCTION NO. 41:**

2       For each Policy, all documents concerning the financial net worth of the

3    Insured as of the Policy's issue date.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

5       The Responding Party hereby incorporates by reference its General

6    Objections above as though set forth in full herein.  The Responding Party further

7    objects to this request on the grounds that it is vague and ambiguous.  The

8    Responding Party further objects to this request on the grounds that it is overbroad

9    and seeks documents that are not relevant to the subject matter of this action nor

10   reasonably calculated to lead to the discovery of admissible evidence.  The

11   Responding Party further objects to this request on the grounds that it is unduly

12   burdensome, oppressive, and intended solely to harass the Responding Party.  The

13   Responding Party further objects to this request on the ground that it constitutes a

14   fishing expedition.  The Responding Party further objects to this request to the

15   extent that it seeks trade secret, confidential, and/or otherwise proprietary

16   information.  The Responding Party further objects to this request on the grounds

17   that it seeks documents, which, if produced, may violate the privacy rights of third

18   parties.

19   **REQUEST FOR PRODUCTION NO. 42:**

20      For each Policy, all documents concerning the Insured's income, earned and

21   unearned, as of the Policy's issue date, including such Insured's federal income tax

22   returns for the year in which the Policy was issued, as well as the year immediately

23   preceding and the year immediately following that year.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

25      The Responding Party hereby incorporates by reference its General

26   Objections above as though set forth in full herein.  The Responding Party further

27   objects to this request on the grounds that it is overbroad and seeks documents that

28   are not relevant to the subject matter of this action nor reasonably calculated to lead

1  to the discovery of admissible evidence.  The Responding Party further objects to

2  this request on the grounds that it is unduly burdensome, oppressive, and intended

3  solely to harass the Responding Party.  The Responding Party further objects to this

4  request on the ground that it constitutes a fishing expedition.  The Responding Party

5  further objects to this request to the extent that it seeks trade secret, confidential,

6  and/or otherwise proprietary information.  The Responding Party further objects to

7  this request on the grounds that it seeks documents, which, if produced, may violate

8  the privacy rights of third parties.

9  **REQUEST FOR PRODUCTION NO. 43:**

10       For each Policy, all documents You or Lima considered or relied upon, or

11  upon which You or Lima otherwise based the decision to purchase the Policy,

12  including without limitation all documents provided by any Producer to You, Lima,

13  the Insured, or any other person from whom You or Lima acquired an interest in the

14  Policy.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

16       The Responding Party hereby incorporates by reference its General

17  Objections above as though set forth in full herein.  The Responding Party further

18  objects to this request on the grounds that it is overbroad and seeks documents that

19  are not relevant to the subject matter of this action nor reasonably calculated to lead

20  to the discovery of admissible evidence.  The Responding Party further objects to

21  this request on the grounds that it is unduly burdensome, oppressive, and intended

22  solely to harass the Responding Party.  The Responding Party further objects to this

23  request to the extent that it seeks trade secret, confidential, and/or otherwise

24  proprietary information.  The Responding Party further objects to this request on

25  the grounds that it seeks documents, which, if produced, may violate the privacy

26  rights of third parties.  The Responding Party further objects to this request to the

27  extent it seeks information protected by the attorney-client privilege, the work-

28  product doctrine, and/or any other applicable privilege or protection.

U.S. Bank National association's Objections and
Responses to PHL's PHL's First Set of Requests for
Production of Documents CV11-09517 ODW(RZx)

1   Subject to and without waiving the foregoing objections, the Responding

2   Party responds as follows:  The Responding Party will produce non-privileged

3   responsive documents to the extent they concern the Policies.

4   **REQUEST FOR PRODUCTION NO. 44:**

5   All documents concerning the source of funds used to purchase and/or pay

6   the premiums on each Policy, including without limitation the source of any funds

7   paid to You or Lima, any Original Owner Trust, any Original Owner Trustee, any

8   Interim Owner Trust, or any Interim Owner Trustee for purposes of purchasing

9   and/or paying the premiums on the Policy.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

11   The Responding Party hereby incorporates by reference its General

12   Objections above as though set forth in full herein.  The Responding Party further

13   objects to this request on the grounds that it is vague and ambiguous.  The

14   Responding Party further objects to this request on the grounds that it is overbroad

15   and seeks documents that are not relevant to the subject matter of this action nor

16   reasonably calculated to lead to the discovery of admissible evidence.  The

17   Responding Party further objects to this request on the grounds that it is unduly

18   burdensome, oppressive, and intended solely to harass the Responding Party.  The

19   Responding Party further objects to this request on the ground that it constitutes a

20   fishing expedition.  The Responding Party further objects to this request to the

21   extent that it seeks trade secret, confidential, and/or otherwise proprietary

22   information.  The Responding Party further objects to this request on the grounds

23   that it seeks documents, which, if produced, may violate the privacy rights of third

24   parties.

25   **REQUEST FOR PRODUCTION NO. 45:**

26   All documents concerning the financing and/or payment of premiums on

27   each Policy, including without limitation communications between You or Lima

28   and any person regarding the financing or payment of Policy premiums.

U.S. Bank National Association's Objections and
Responses to PHL's PHL's First Set of Requests for
Production of Documents CV11-09517 ODW(RZx)

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

2        The Responding Party hereby incorporates by reference its General

3   Objections above as though set forth in full herein.  The Responding Party further

4   objects to this request on the grounds that it is vague and ambiguous.  The

5   Responding Party further objects to this request on the grounds that it is overbroad

6   and seeks documents that are not relevant to the subject matter of this action nor

7   reasonably calculated to lead to the discovery of admissible evidence.  The

8   Responding Party further objects to this request on the grounds that it is unduly

9   burdensome, oppressive, and intended solely to harass the Responding Party.  The

10  Responding Party further objects to this request on the ground that it constitutes a

11  fishing expedition.  The Responding Party further objects to this request to the

12  extent that it seeks trade secret, confidential, and/or otherwise proprietary

13  information.  The Responding Party further objects to this request on the grounds

14  that it seeks documents, which, if produced, may violate the privacy rights of third

15  parties.

16  **REQUEST FOR PRODUCTION NO. 46:**

17        All checks, payment records, or other documents concerning the payment of

18  any money or other compensation from Lima to You in relation to any Policy.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

20        The Responding Party hereby incorporates by reference its General

21  Objections above as though set forth in full herein.  The Responding Party further

22  objects to this request on the grounds that it is vague and ambiguous.  The

23  Responding Party further objects to this request on the grounds that it is overbroad

24  and seeks documents that are not relevant to the subject matter of this action nor

25  reasonably calculated to lead to the discovery of admissible evidence.  The

26  Responding Party further objects to this request on the grounds that it is unduly

27  burdensome, oppressive, and intended solely to harass the Responding Party.  The

28  Responding Party further objects to this request on the ground that it constitutes a

1   fishing expedition.  The Responding Party further objects to this request to the

2   extent that it seeks trade secret, confidential, and/or otherwise proprietary

3   information.  The Responding Party further objects to this request on the grounds

4   that it seeks documents, which, if produced, may violate the privacy rights of third

5   parties.

6   **REQUEST FOR PRODUCTION NO. 47:**

7        All checks, payment records, or other documents concerning the payment of

8   any money or other compensation from You or Lima to PHL, any Insured, any

9   Original Owner Trust, any Original Owner Trustee, any Interim Owner Trust, any

10  Interim Owner Trustee, any Producer, North Star, Pacifica, Fortress, Spurling, or

11  Stone Spring in relation to any Policy.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

13       The Responding Party hereby incorporates by reference its General

14  Objections above as though set forth in full herein.  The Responding Party further

15  objects to this request on the grounds that it is vague and ambiguous.  The

16  Responding Party further objects to this request on the grounds that it is overbroad

17  and seeks documents that are not relevant to the subject matter of this action nor

18  reasonably calculated to lead to the discovery of admissible evidence.  The

19  Responding Party further objects to this request on the grounds that it is unduly

20  burdensome, oppressive, and intended solely to harass the Responding Party.  The

21  Responding Party further objects to this request on the ground that it constitutes a

22  fishing expedition.  The Responding Party further objects to this request to the

23  extent that it seeks trade secret, confidential, and/or otherwise proprietary

24  information.  The Responding Party further objects to this request on the grounds

25  that it seeks documents, which, if produced, may violate the privacy rights of third

26  parties.

27

28

1    Subject to and without waiving the foregoing objections, the Responding

2   Party responds as follows:  The Responding Party will produce non-privileged

3   responsive documents to the extent they concern the Policies.

4   **REQUEST FOR PRODUCTION NO. 48:**

5    All documents concerning any PHL life insurance policies other than the

6   Policies for which You or Lima pay or have paid premiums.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

8    The Responding Party hereby incorporates by reference its General

9   Objections above as though set forth in full herein.  The Responding Party further

10  objects to this request on the grounds that it is vague and ambiguous.  The

11  Responding Party further objects to this request on the grounds that it is overbroad

12  and seeks documents that are not relevant to the subject matter of this action nor

13  reasonably calculated to lead to the discovery of admissible evidence.  The

14  Responding Party further objects to this request on the grounds that it is unduly

15  burdensome, oppressive, and intended solely to harass the Responding Party.  The

16  Responding Party further objects to this request on the ground that it constitutes a

17  fishing expedition.  The Responding Party further objects to this request to the

18  extent that it seeks trade secret, confidential, and/or otherwise proprietary

19  information.  The Responding Party further objects to this request on the grounds

20  that it seeks documents, which, if produced, may violate the privacy rights of third

21  parties.

22  **REQUEST FOR PRODUCTION NO. 49:**

23   All documents concerning any death claim benefit that You or Lima have

24  received in connection with any life insurance policy issued by PHL Variable Life

25  Insurance Company or Phoenix Life Insurance Company.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

27   The Responding Party hereby incorporates by reference its General

28  Objections above as though set forth in full herein.  The Responding Party further

1  objects to this request on the grounds that it is overbroad and seeks documents that

2  are not relevant to the subject matter of this action nor reasonably calculated to lead

3  to the discovery of admissible evidence.  The Responding Party further objects to

4  this request on the grounds that it is unduly burdensome, oppressive, and intended

5  solely to harass the Responding Party.  The Responding Party further objects to this

6  request on the ground that it constitutes a fishing expedition.  The Responding Party

7  further objects to this request to the extent that it seeks trade secret, confidential,

8  and/or otherwise proprietary information.  The Responding Party further objects to

9  this request on the grounds that it seeks documents, which, if produced, may violate

10  the privacy rights of third parties.  .

11  **REQUEST FOR PRODUCTION NO. 50:**

12        All documents concerning communications between You or Lima and any

13  person currently or formerly holding any ownership or other beneficial interest in

14  (a) a PHL life insurance policy other than the Policies, or (b) a trust or other entity

15  that holds an ownership or other beneficial interest in any PHL life insurance

16  policy.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

18        The Responding Party hereby incorporates by reference its General

19  Objections above as though set forth in full herein.  The Responding Party further

20  objects to this request on the grounds that it is vague and ambiguous.  The

21  Responding Party further objects to this request on the grounds that it is overbroad

22  and seeks documents that are not relevant to the subject matter of this action nor

23  reasonably calculated to lead to the discovery of admissible evidence.  The

24  Responding Party further objects to this request on the grounds that it is unduly

25  burdensome, oppressive, and intended solely to harass the Responding Party.  The

26  Responding Party further objects to this request on the ground that it constitutes a

27  fishing expedition.  The Responding Party further objects to this request to the

28  extent that it seeks trade secret, confidential, and/or otherwise proprietary

- 36 -

1  information.  The Responding Party further objects to this request on the grounds

2  that it seeks documents, which, if produced, may violate the privacy rights of third

3  parties.

4  **REQUEST FOR PRODUCTION NO. 51:**

5      All documents concerning communications between You or Lima and any

6  person regarding the sale, assignment, or other transfer of any Policy.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

8      The Responding Party hereby incorporates by reference its General

9  Objections above as though set forth in full herein.  The Responding Party further

10  objects to this request on the grounds that it is vague and ambiguous.  The

11  Responding Party further objects to this request on the grounds that it is overbroad

12  and seeks documents that are not relevant to the subject matter of this action nor

13  reasonably calculated to lead to the discovery of admissible evidence.  The

14  Responding Party further objects to this request to the extent that it seeks trade

15  secret, confidential, and/or otherwise proprietary information.  The Responding

16  Party further objects to this request on the grounds that it seeks documents, which,

17  if produced, may violate the privacy rights of third parties.  The Responding Party

18  further objects to this request to the extent it seeks information protected by the

19  attorney-client privilege, the work-product doctrine, and/or any other applicable

20  privilege or protection.

21      Subject to and without waiving the foregoing objections, the Responding

22  Party responds as follows:  The Responding Party will produce non-privileged

23  responsive documents to the extent they concern the Policies.

24  **REQUEST FOR PRODUCTION NO. 52:**

25      All documents concerning or tending to establish the existence of an

26  insurable interest at the time Policies took effect.

27

28

U.S. BANK NATIONAL ASSOCIATION'S OBJECTIONS AND
RESPONSES TO PHL'S PHL'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS CV11-09517 ODW(RZx)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

2       The Responding Party hereby incorporates by reference its General

3  Objections above as though set forth in full herein.  The Responding Party further

4  objects to this request on the grounds that it is vague and ambiguous.  The

5  Responding Party further objects to this request on the grounds that it seeks

6  documents that are not relevant to the subject matter of this action nor reasonably

7  calculated to lead to the discovery of admissible evidence.  The Responding Party

8  further objects to this request on the ground that it constitutes a fishing expedition.

9  The Responding Party further objects to this request on the grounds that it seeks

10  documents, which, if produced, may violate the privacy rights of third parties.  The

11  Responding Party further objects to this request to the extent it calls for a legal

12  conclusion or seeks information protected by the attorney-client privilege, the

13  work-product doctrine, and/or any other applicable privilege or protection.

14  **REQUEST FOR PRODUCTION NO. 53:**

15       All documents concerning any actual or contemplated transfer of ownership

16  of any Policy by or to You or Lima.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

18       The Responding Party hereby incorporates by reference its General

19  Objections above as though set forth in full herein.  The Responding Party further

20  objects to this request to the extent that it seeks trade secret, confidential, and/or

21  otherwise proprietary information.

22       Subject to and without waiving the foregoing objections, the Responding

23  Party responds as follows:  The Responding Party will produce non-privileged

24  responsive documents to the extent they concern the Policies.

25  **REQUEST FOR PRODUCTION NO. 54:**

26       All communications to, from, or with any person concerning the life

27  expectancy of any Insured or medical underwriting of any Policy, including without

28  limitation all life expectancy reports concerning any Policy or any Insured.

- 38 -

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

2       The Responding Party hereby incorporates by reference its General

3  Objections above as though set forth in full herein.  The Responding Party further

4  objects to this request on the grounds that it is vague and ambiguous.  The

5  Responding Party further objects to this request on the grounds that it is overbroad

6  and seeks documents that are not relevant to the subject matter of this action nor

7  reasonably calculated to lead to the discovery of admissible evidence.  The

8  Responding Party further objects to this request to the extent that it seeks trade

9  secret, confidential, and/or otherwise proprietary information.  The Responding

10  Party further objects to this request on the grounds that it seeks documents, which,

11  if produced, may violate the privacy rights of third parties.  The Responding Party

12  further objects to this request to the extent it seeks information protected by the

13  attorney-client privilege, the work-product doctrine, and/or any other applicable

14  privilege or protection.

15       Subject to and without waiving the foregoing objections, the Responding

16  Party responds as follows:  The Responding Party will produce non-privileged

17  responsive documents to the extent they concern the Policies.

18  **REQUEST FOR PRODUCTION NO. 55:**

19       All reports, compilations, charts, summaries, spreadsheets, actuarial

20  memoranda or other documents created by or provided to You or Lima evidencing

21  or otherwise concerning mortality, investment earnings, investment strategy,

22  investment management, interest, expenses, cost of insurance, or payment of

23  premium in connection with any Policy.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

25       The Responding Party hereby incorporates by reference its General

26  Objections above as though set forth in full herein.  The Responding Party further

27  objects to this request on the grounds that it is vague and ambiguous.  The

28  Responding Party further objects to this request on the grounds that it seeks

1  documents that are not relevant to the subject matter of this action nor reasonably
2  calculated to lead to the discovery of admissible evidence.  The Responding Party
3  further objects to this request on the grounds that it is unduly burdensome,
4  oppressive, and intended solely to harass the Responding Party.  The Responding
5  Party further objects to this request on the ground that it constitutes a fishing
6  expedition.  The Responding Party further objects to this request to the extent that it
7  seeks trade secret, confidential, and/or otherwise proprietary information.  The
8  Responding Party further objects to this request on the grounds that it seeks
9  documents, which, if produced, may violate the privacy rights of third parties.
10      Subject to and without waiving the foregoing objections, the Responding
11  Party responds as follows:  The Responding Party will produce non-privileged
12  responsive documents to the extent they specifically concern the Policies.

13  **REQUEST FOR PRODUCTION NO. 56:**

14      All documents reflecting any policies of insurance insuring, in whole or in
15  part, the value of any Policy should the Policy be cancelled, rescinded, or should a
16  claim on the Policy be denied.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

18      The Responding Party hereby incorporates by reference its General
19  Objections above as though set forth in full herein.  The Responding Party further
20  objects to this request on the grounds that it is vague and ambiguous.  The
21  Responding Party further objects to this request on the grounds that it seeks
22  documents that are not relevant to the subject matter of this action nor reasonably
23  calculated to lead to the discovery of admissible evidence.  The Responding Party
24  further objects to this request to the extent that it seeks trade secret, confidential,
25  and/or otherwise proprietary information.
26      Subject to and without waiving the foregoing objections, the Responding
27  Party responds as follows:  The Responding Party will produce non-privileged
28  responsive documents to the extent they concern the Policies.

- 40 -

U.S. Bank National Association's Objections and
Responses to PHL's PHL's First Set of Requests for
Production of Documents CV11-09517 ODW(RZx)

**REQUEST FOR PRODUCTION NO. 57:**

All contracts, including without limitation policies of insurance or reinsurance, covering risks associated with any Policy, including without limitation any contingent cost insurance coverage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

The Responding Party hereby incorporates by reference its General Objections above as though set forth in full herein. The Responding Party further objects to this request on the grounds that it is vague and ambiguous. The Responding Party further objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. The Responding Party further objects to this request to the extent that it seeks trade secret, confidential, and/or otherwise proprietary information.

Subject to and without waiving the foregoing objections, the Responding Party responds as follows: The Responding Party will produce non-privileged responsive documents to the extent they concern the Policies.

**REQUEST FOR PRODUCTION NO. 58:**

For each Policy, all documents concerning any other life insurance policy insuring the life of the Insured that was in-force as of the Policy's issue date, or that has been issued since that date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

The Responding Party hereby incorporates by reference its General Objections above as though set forth in full herein. The Responding Party further objects to this request on the grounds that it is vague and ambiguous. The Responding Party further objects to this request on the grounds that it is overbroad and seeks documents that are not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. The Responding Party further objects to this request on the grounds that it is unduly

1   burdensome, oppressive, and intended solely to harass the Responding Party.  The
2   Responding Party further objects to this request on the ground that it constitutes a
3   fishing expedition.  The Responding Party further objects to this request to the
4   extent that it seeks trade secret, confidential, and/or otherwise proprietary
5   information.  The Responding Party further objects to this request on the grounds
6   that it seeks documents, which, if produced, may violate the privacy rights of third
7   parties.

8   **REQUEST FOR PRODUCTION NO. 59:**

9       All documents that you have provided to, or received from, any person,
10  including without limitation any employees, agents, or other persons presently or
11  formerly acting, purporting to act, or with authority to act on behalf of any investor,
12  provider, lender, regulator, tracking agent, hedge fund, advisor, attorney, or life
13  settlement trade association member concerning PHL, Phoenix, any Policy, or the
14  COI rate increase.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

16      The Responding Party hereby incorporates by reference its General
17  Objections above as though set forth in full herein.  The Responding Party further
18  objects to this request on the grounds that it is vague and ambiguous.  The
19  Responding Party further objects to this request on the grounds that it is overbroad
20  and seeks documents that are not relevant to the subject matter of this action nor
21  reasonably calculated to lead to the discovery of admissible evidence.  The
22  Responding Party further objects to this request on the grounds that it is unduly
23  burdensome, oppressive, and intended solely to harass the Responding Party.  The
24  Responding Party further objects to this request on the ground that it constitutes a
25  fishing expedition.  The Responding Party further objects to this request to the
26  extent that it seeks trade secret, confidential, and/or otherwise proprietary
27  information.  The Responding Party further objects to this request on the grounds
28  that it seeks documents, which, if produced, may violate the privacy rights of third

1  parties.  The Responding Party further objects to this request on the ground that it

2  seeks information protected by the attorney-client privilege, the work-product

3  doctrine, and/or any other applicable privilege or protection.

4  **REQUEST FOR PRODUCTION NO. 60:**

5       All documents upon which any of your answers or objections to PHL's First

6  Set of Interrogatories rely or are otherwise wholly or partially based.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

8       The Responding Party hereby incorporates by reference its General

9  Objections above as though set forth in full herein.  The Responding Party further

10  objects to this request to the extent that it seeks trade secret, confidential, and/or

11  otherwise proprietary information.  The Responding Party further objects to this

12  request on the grounds that it seeks documents, which, if produced, may violate the

13  privacy rights of third parties.  The Responding Party further objects to this request

14  to the extent it seeks information protected by the attorney-client privilege, the

15  work-product doctrine, and/or any other applicable privilege or protection.

16       Subject to and without waiving the foregoing objections, the Responding

17  Party responds as follows:  The Responding Party will produce non-privileged

18  responsive documents.

19  **REQUEST FOR PRODUCTION NO. 61:**

20       All documents upon which the allegation in paragraph 25 of the Complaint

21  that "Phoenix wants to force Plaintiff and other policyholders to either (a) pay

22  exorbitant premiums that Phoenix knows would no longer justify the ultimate death

23  benefits, or (b) lapse or surrender their policies and forfeit the premiums they have

24  paid" relies, or is otherwise wholly or partially based.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

26       The Responding Party hereby incorporates by reference its General

27  Objections above as though set forth in full herein.

28

1    Subject to and without waiving the foregoing objections, the Responding

2  Party responds as follows:  The Responding Party will produce non-privileged

3  responsive documents.

4  **REQUEST FOR PRODUCTION NO. 62:**

5    All documents upon which the allegation in paragraph 26 of the Complaint

6  that "Phoenix singled out" certain policyholders relies, or is otherwise wholly or

7  partially based.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

9    The Responding Party hereby incorporates by reference its General

10  Objections above as though set forth in full herein.

11    Subject to and without waiving the foregoing objections, the Responding

12  Party responds as follows:  The Responding Party will produce non-privileged

13  responsive documents.

14  **REQUEST FOR PRODUCTION NO. 63:**

15    All documents upon which the allegation in paragraph 27 of the Complaint

16  that "Plaintiff, like many others, purchases their policies based on these

17  representations, as well as the language of the policies and Phoenix's rates" relies,

18  or is otherwise wholly or partially based.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

20    The Responding Party hereby incorporates by reference its General

21  Objections above as though set forth in full herein.

22    Subject to and without waiving the foregoing objections, the Responding

23  Party responds as follows:  The Responding Party will produce non-privileged

24  responsive documents.

25  **REQUEST FOR PRODUCTION NO. 64:**

26    All documents upon which the allegation in paragraph 33 of the Complaint

27  that "Defendant's increases in the cost of insurance rates were not based on the

28

1   permissible factors stated in the Policies" relies, or is otherwise wholly or partially

2   based.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

4      The Responding Party hereby incorporates by reference its General

5   Objections above as though set forth in full herein.

6      Subject to and without waiving the foregoing objections, the Responding

7   Party responds as follows:  The Responding Party will produce non-privileged

8   responsive documents.

9   **REQUEST FOR PRODUCTION NO. 65:**

10      All documents upon which the allegation in paragraph 34 of the Complaint

11   that "Defendant's increases in the cost of insurance rates were designed to recoup

12   past losses" relies, or is otherwise wholly or partially based.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

14      The Responding Party hereby incorporates by reference its General

15   Objections above as though set forth in full herein.

16      Subject to and without waiving the foregoing objections, the Responding

17   Party responds as follows:  The Responding Party will produce non-privileged

18   responsive documents.

19   **REQUEST FOR PRODUCTION NO. 66:**

20      All documents upon which the allegation in paragraph 40 of the Complaint

21   that "Phoenix is, among other things, penalizing and deterring policyholders from

22   exercising their contractual right to maintain a minimal accumulated policy value,

23   which Phoenix has no right to do" relies, or is otherwise wholly or partially based.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

25      The Responding Party hereby incorporates by reference its General

26   Objections above as though set forth in full herein.

27

28

- 45 -

1    Subject to and without waiving the foregoing objections, the Responding

2 Party responds as follows:  The Responding Party will produce non-privileged

3 responsive documents.

4 **REQUEST FOR PRODUCTION NO. 67:**

5    All documents upon which the allegation in paragraph 41 of the Complaint

6 that PHL is "trying to cause Plaintiff and other policyholders to lapse or surrender

7 their policies so that Defendant can keep the premiums and never have to pay the

8 death benefits" relies, or is otherwise wholly or partially based.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

10    The Responding Party hereby incorporates by reference its General

11 Objections above as though set forth in full herein.

12    Subject to and without waiving the foregoing objections, the Responding

13 Party responds as follows:  The Responding Party will produce non-privileged

14 responsive documents.

15 **REQUEST FOR PRODUCTION NO. 68:**

16    All documents concerning the valuation of any Policy, or investment

17 portfolio encompassing any Policy, including without limitation any analysis

18 performed using the Model Actuarial Pricing System (MAPS).

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

20    The Responding Party hereby incorporates by reference its General

21 Objections above as though set forth in full herein.  The Responding Party further

22 objects to this request on the grounds that it is vague and ambiguous.  The

23 Responding Party further objects to this request on the grounds that it seeks

24 documents that are not relevant to the subject matter of this action nor reasonably

25 calculated to lead to the discovery of admissible evidence.  The Responding Party

26 further objects to this request on the grounds that it is unduly burdensome,

27 oppressive, and intended solely to harass the Responding Party.  The Responding

28 Party further objects to this request on the ground that it constitutes a fishing

1  expedition.  The Responding Party further objects to this request to the extent that it

2  seeks trade secret, confidential, and/or otherwise proprietary information.  The

3  Responding Party further objects to this request on the grounds that it seeks

4  documents, which, if produced, may violate the privacy rights of third parties.

5       Subject to and without waiving the foregoing objections, the Responding

6  Party responds as follows:  The Responding Party will produce non-privileged

7  responsive documents to the extent they specifically concern the Policies.

8  **REQUEST FOR PRODUCTION NO. 69:**

9       All documents concerning efforts You, Lima, or Fortress made to market or

10  sell the Policies.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

12       The Responding Party hereby incorporates by reference its General

13  Objections above as though set forth in full herein.  The Responding Party further

14  objects to this request to the extent that it seeks trade secret, confidential, and/or

15  otherwise proprietary information.  The Responding Party further objects to this

16  request on the grounds that it seeks documents, which, if produced, may violate the

17  privacy rights of third parties.

18       Subject to and without waiving the foregoing objections, the Responding

19  Party responds as follows:  The Responding Party will produce non-privileged

20  responsive documents to the extent they concern the Policies.

21  **REQUEST FOR PRODUCTION NO. 70:**

22       All documents concerning efforts You, Lima, or Fortress made to mitigate

23  any purported diminution of the value of any Policy.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

25       The Responding Party hereby incorporates by reference its General

26  Objections above as though set forth in full herein.  The Responding Party further

27  objects to this request to the extent that it seeks trade secret, confidential, and/or

28  otherwise proprietary information.  The Responding Party further objects to this

U.S. BANK NATIONAL ASSOCIATION'S OBJECTIONS AND
RESPONSES TO PHL'S PHL'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS CV11-09517 ODW(RZx)

1 request on the grounds that it seeks documents, which, if produced, may violate the

2 privacy rights of third parties.

3      Subject to and without waiving the foregoing objections, the Responding

4 Party responds as follows:  The Responding Party will produce non-privileged

5 responsive documents to the extent they concern the Policies.

6 **REQUEST FOR PRODUCTION NO. 71:**

7      All documents concerning Your computation of each and every category of

8 damages alleged in the Complaint, including without limitation documents upon

9 which each such computation relies or is otherwise wholly or partially based.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

11      The Responding Party hereby incorporates by reference its General

12 Objections above as though set forth in full herein.  The Responding Party further

13 objects to this request on the grounds that it is premature and seeks documents that

14 will be the subject of expert review, disclosure, and testimony.  The Responding

15 Party further objects to this request to the extent that it seeks trade secret,

16 confidential, and/or otherwise proprietary information.  The Responding Party

17 further objects to this request on the grounds that it seeks documents, which, if

18 produced, may violate the privacy rights of third parties.  The Responding Party

19 further objects to this request to the extent it seeks information protected by the

20 attorney-client privilege, the work-product doctrine, and/or any other applicable

21 privilege or protection.

22      Subject to and without waiving the foregoing objections, the Responding

23 Party responds as follows:  The Responding Party will produce non-privileged

24 responsive documents.

25 **REQUEST FOR PRODUCTION NO. 72:**

26      All orders, pleadings and other filings, including exhibits thereto, in the

27 lawsuit styled *Lima LS plc v. Pacifica Group LLC et al.*, Index No. 652882/2011,

28

1  commenced on or about October 20, 2011, in the Supreme Court for the County of

2  New York, New York.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

4      The Responding Party hereby incorporates by reference its General

5  Objections above as though set forth in full herein.  The Responding Party further

6  objects to this request on the grounds that it seeks documents that are not relevant

7  to the subject matter of this action nor reasonably calculated to lead to the discovery

8  of admissible evidence.  The Responding Party further objects to this request on the

9  grounds that it is unduly burdensome, oppressive, and intended solely to harass the

10  Responding Party.  The Responding Party further objects to this request on the

11  ground that it constitutes a fishing expedition.

12  **REQUEST FOR PRODUCTION NO. 73:**

13      All orders, pleadings and other filings, including exhibits thereto, in any

14  lawsuit or arbitration concerning, directly or indirectly, the Policies.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

16      The Responding Party hereby incorporates by reference its General

17  Objections above as though set forth in full herein.  The Responding Party further

18  objects to this request on the grounds that it seeks documents that are not relevant

19  to the subject matter of this action nor reasonably calculated to lead to the discovery

20  of admissible evidence.  The Responding Party further objects to this request on the

21  grounds that it is unduly burdensome, oppressive, and intended solely to harass the

22  Responding Party.  The Responding Party further objects to this request on the

23  ground that it constitutes a fishing expedition.

24  **REQUEST FOR PRODUCTION NO. 74:**

25      All documents upon which any claim or allegation set forth in the Complaint,

26  or any disclosure You have made pursuant to Rule 26(a)(1), relies, or is otherwise

27  wholly or partially based.

28

- 49 -

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

2      The Responding Party hereby incorporates by reference its General

3  Objections above as though set forth in full herein.

4      Subject to and without waiving the foregoing objections, the Responding

5  Party responds as follows:  The Responding Party will produce relevant,

6  responsive, non-privileged documents.

7

8  **REQUEST FOR PRODUCTION NO. 75:**

9      The document required by Federal Rule of Civil Procedure 26(b)(5)

10  describing the nature of all documents, communications, or tangible things not

11  produced or disclosed in response to PHL's discovery requests in this litigation

12  where you claim that the documents, communications, or tangible things sought are

13  privileged or subject to protection as trial-preparation material.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

15      The Responding Party hereby incorporates by reference its General

16  Objections above as though set forth in full herein.  The Responding Party further

17  objects that this request to the extent it purports to impose requirements different

18  from Rule 26(b)(5) of the Federal Rules of Civil Procedure, the Amended

19  Stipulated Protective Order Governing the Production and Exchange of

20  Confidential Information (the "Protective Order"), or the Joint Stipulation

21  Regarding Electronically Stored Information (the "ESI Protocol").

22      Subject to and without waiving the foregoing objections, the Responding

23  Party responds as follows:  The Responding Party will provide a privilege log in

24  accordance with the Protective Order and the ESI Protocol.

25  **REQUEST FOR PRODUCTION NO. 76:**

26      All signed declarations, affidavits, verifications or statements You obtained

27  relating to PHL, any PHL life insurance policy, or the COI rate increase that have

28  not been filed in this litigation.

U.S. BANK NATIONAL ASSOCIATION'S OBJECTIONS AND
RESPONSES TO PHL'S PHL'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS  CV11-09517 ODW(RZx)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

2        The Responding Party hereby incorporates by reference its General

3  Objections above as though set forth in full herein.  The Responding Party further

4  objects to this request on the grounds that it is vague and ambiguous.  The

5  Responding Party further objects to this request on the grounds that it is overbroad

6  and seeks documents that are not relevant to the subject matter of this action nor

7  reasonably calculated to lead to the discovery of admissible evidence.  The

8  Responding Party further objects to this request on the grounds that it is unduly

9  burdensome , oppressive, and intended solely to harass the Responding Party.  The

10  Responding Party further objects to this request on the ground it constitutes a

11  fishing expedition.  The Responding Party further objects to this request on the

12  grounds that it seeks documents, which, if produced, may violate the privacy rights

13  of third parties.

14

15  Dated:      May 17, 2012             Orrick, Herrington & Sutcliffe LLP

16

17                                   /s/ Khai LeQuang

18                                  KHAI LEQUANG
                                Attorneys for Plaintiff

19                                  U.S. BANK NATIONAL
                                ASSOCIATION, AS SECURITIES

20                                  INTERMEDIARY FOR LIMA
                                ACQUISITION LP

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 2050 Main Street, Suite 1100, Irvine, California 92614. On May 17, 2012, I served the following document(s):

**PLAINTIFF U.S. BANK NATIONAL ASSOCIATION'S OBJECTIONS AND RESPONSES TO DEFENDANT PHL VARIABLE INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☐      by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐      by depositing a true and correct copy of the document(s) listed above with Federal Express in Los Angeles, California, enclosed in a sealed envelope.

☒      (by Electronic Mail), I caused such documents to be transmitted by electronic mail to the offices of the addressee.

☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

## SEE ATTACHED SERVICE LIST

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 17, 2012, at Irvine, California.

_____
Patricia Ruby

1

## SERVICE LIST

2

3
**Daniel L Rasmussen**
**Scott O. Luskin**

**Brian P Perryman**
**Jason H. Gould**

4
Payne and Fears
801 S. Figueroa Street

**Waldemar J. Pflepsen, Jr.**
Jorden Burt LLP

5
Los Angeles, CA  90017
1025 Thomas Jefferson Street, NW

Tele: 213-439-9911
Suite 400 East

6
Fax:   213-439-9922
Washington, DC 20007-5208

Email: dlr@paynefears.com
Tele:  202-965-8100

7
        sol@paynefears.com
Fax:   202-965-8104

Email: bpp@jordenusa.com

8

**Attorneys for Defendant PHL**
**Variable Insurance Co.**

**Attorneys for Defendant PHL Variable**
**Insurance Co.**

9

10
**Stephen J Jorden**

11
Jorden Burt LLP
175 Powder Forest Drive Suite 301

12
Simsbury, CT 06089-9658
Tele:  860-392-5023

13
Fax:   860-392-5058
Email: sj@jordenusa.com

14

**Attorneys for Defendant PHL**
**Variable Insurance Co.**

15

16

17

18

19

20

21

22

23

24

25

26

27

28